## Terpenning *v.* Gallup *et al.*

A party in the *constructive* possession of real estate, may maintain an action of trespass *quare clausum fregit*.

In such cases, the general property draws to it the possession, where there is no intervening adverse right of enjoyment.

In trespass, the *time* when the trespass was committed, is not ordinarily material to be proved as alleged—the plaintiff being at liberty to prove a trespass at any time before the commencement of the action, whether before or after the day laid in the petition.

The appellate court will never presume against the correctness of a verdict, but always in favor of it.

Where in an action of trespass *quare clausum fregit*, the jury rendered a verdict against all of the defendants, among whom was one O.—all of whom moved in arrest of judgment and for a new trial; and where on the hearing of the motion, the plaintiff asked the court to set aside the verdict as to said O., which was granted, and thereupon the court overruled the motion to set aside the verdict as to the other defendants; *Held*, That the proceeding was not erroneous.

In an action *ex delicto*, against several defendants, it is competent for the court, after the verdict, to grant a new trial to one or more of the defendants, if satisfied that they were improperly convicted, and render judgment upon the verdict as to the others.

### *Appeal from the Union District Court.*

### Tuesday, April 5.

TRESPASS *quare clausum fregit,* for that defendants, on, &c., at, &c., did enter upon the lands of petitioner, and injure, destroy, pull down, and carry away, the dwelling houses, out-houses, stables, fences, steam saw-mill, engine, and all the other tenements, buildings and improvements "situate

Terpenning v. Gallup et al.

and being thereon, erected and built, and attached to the said premises of the property of said petitioner," &c. Answers by all the defendants, denying the petition and further setting up ; *First,* As to the steam mill and engine, that one of the defendants (Orr) owned the same, and had a legal right to remove the same from the premises described in the petition ; and that they took down and removed the same, under the said right and authority in the said Orr ; and, *Second,* As to the houses, out-houses, &c., that they were built on the premises described by one of the defendants, (Gallup), with the knowledge and permission of plaintiff, with the understanding and agreement that they are the individual property of the said defendant ; that he had the right to remove the same when a certain partnership, (which is set out), was dissolved, or sooner, at the pleasure of said defendant ; and that under this agreement they were removed, &c. Replication in denial of all the new matter contained in the answer. Verdict for plaintiff—motion for a new trial overruled—and defendants appeal.

*Riggs & McDill,* for the appellants.

WRIGHT, C. J.—The errors assigned are :

*First.* In overruling defendant's motion for a new trial.

*Second.* In sustaining plaintiff's motion to set aside the verdict as to defendant Orr.

*Third.* That judgment was entered contrary to the finding of the jury.

The motion for a new trial assigned for cause, that the verdict was against the law and evidence.

None of the instructions, (if any were given), are before us. Nor is there any pretense that the record contains all the evidence. There is, it is true, a bill of exceptions, in which it is certified " that the foregoing embodies the substance of the testimony as to the plaintiff's possession of the premises in his petition mentioned," but what testimony was

introduced upon other parts of the the case, does not appear.

The claim is, however, that the testimony thus embodied, fails to show that plaintiff had such possession of the premises as to enable him to maintain the action. To this, it may be answered, that if it was his duty to prove that he had actual possession (as is assumed in appellant's argument), we should be unwilling to say, that the verdict was so far against the evidence as to justify a new trial. And especially would we be disinclined to reverse for this cause, when, as the record shows, the plaintiff has twice obtained a verdict, (the first one having been set aside). But when it is remembered, that if plaintiff was in the *constructive* possession of the property, he could maintain the action, all possible room for doubt is removed. 2 Greenl. Ev., sec. 614, and authorities there cited; *Dorcey* v. *Patterson*, 7 Iowa, 429. The rule is, that the general property draws to it the possession, where there is no intervening adverse right of enjoyment; and while we might admit, that there was not sufficient testimony to show that plaintiff was in the *actual* possession of the premises, we are not advised as to what proof he introduced upon the subject of ownership or general property, and, therefore, cannot say that the verdict was not justified by the evidence.

It is claimed, however, that plaintiff from his own title, as set out in his pleadings, makes it manifest that he was not the owner at the time of the commission of the alleged trespass. The argument is, that the trespasses are laid in June, 1856, and that from his own showing, he obtained his title in September of that year. The rule upon this subject is, that the *time* when the trespass was committed, is not ordinarily material to be proved as laid; the plaintiff being at liberty to prove a trespass at any time before the commencement of the action, whether before or after the day laid in the declaration. 2 Greenl. Ev., sec. 624. For aught that appears, the jury were instructed to consider the injuries done after the title was acquired in September, and before the commencement of this suit, and for such injuries alone they may have awarded damages. We will not presume

against the correctness of the verdict, but always in favor of it.

The second and third assignment of error involves the same question. The jury returned a verdict against six of the defendants, and among others, E. S. Orr. All of them moved in arrest of judgment, and for a new trial. When this motion came on for hearing, plaintiff's counsel waived the benefit of the verdict so far as it related to said Orr; or, as it is stated in another part of the record, plaintiff asked the court to set aside the verdict as to Orr, which motion was sustained; and said verdict was set aside as to said Orr, and overruled as to the other defendants. The objection now is, that if the verdict was set aside as to one of the defendants, it should have been to all—that it was an entirety—and that the judgment must strictly follow the verdict. We do not so understand the law. In this action, the jury could have found all the defendants guilty, or all not guilty, or a part guilty and the other not guilty. And after verdict, it was perfectly competent, for the court, to grant a new trial to one or more of the defendants, if satisfied that they were improperly convicted, and render judgment upon the verdict as to the others. Code, secs. 1815, 16.

Judgment affirmed.