## DUGAN v. HUNT.

Trespass: PLEADING: JUSTICE OF THE PEACE. Where a petition before a justice of the peace claimed $100 " for damages " and trespasses committed by defendant upon the lands of plaintiff, alleging possession thereof, and that defendant " broke and entered said premises by force, etc., and did then and there cut down and carry away from and off said premises, one hundred trees of the value of $100." It was *held*, that plaintiff was not confined to the value of the trees taken, but could recover for the consequent injuries to the realty, as also for the breaking.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, AUGUST 31.

*Perry & Townsend* for the appellant.

*Yocum & Robb* for the appellee.

WRIGHT, J.—I. Where a petition before a justice claimed $100, "for damages and trespasses committed by defendant upon plaintiff's lands" (describing them), alleging possession of the same, and that defendant, on, etc., " broke and entered said premises by force, etc., and did then and there cut down and carry away from and off said premises one hundred trees, of the value of $100,"—*Held*, that it was not erroneous, upon the trial in the circuit court, to allow a witness to testify as to the damage done to the realty by the defendant's trespasses. In other words, plaintiff was not confined to the value of the trees taken, but could recover for the consequent injuries to the realty, as also for the breaking.

II. The facts of the case are much stronger as to possession in plaintiffs than in *Terpenning* v. *Gallup*, 8 Iowa, 74 (and see authorities there cited), and, following

that, there was no error in the instructions given upon this subject, nor in refusing those asked.

Some other matters are referred to in the assignment of errors, but counsel do not urge them in argument, and they are evidently without weight.

Affirmed.