THE GROVER AND BAKER SEWING MACHINE CO. *v.* NEWBY ET AL.

EVIDENCE.—*Must be Relevant.*—*Practice.*—Where, on the trial of a cause, a written instrument is offered in evidence, which, of itself, shows nothing making it relevant or material, and is accompanied by no offer to show that fact by other evidence, there is no error in excluding it.

SAME.—*Bill of Exceptions.*—*Motion for New Trial.*—*Supreme Court.*—Where, on appeal to the Supreme Court, the exclusion of evidence offered is complained of, such evidence must be made part of the record by a bill of exceptions, it not being sufficient to set the same out in, and as part of, a motion for a new trial.

SAME.—*Set-Off.*—Where, in an action on contract for a money demand, the defendant answers, by way of set-off, an indebtedness for services performed by him for the plaintiff, the fact that such services were to have been, by a certain written contract, rendered without pay, is no reason for excluding evidence that the defendant is entitled to receive pay therefor, where it is alleged in the answer, that a subsequent contract for payment for such services had been made.

From the Jackson Circuit Court.

*S. Claypool, J. L. Mitchell* and *W. A. Ketcham,* for appellant.

BIDDLE, C. J.—Complaint on a promissory note made by Newby to the appellant, for $354.99, dated January 30th, 1870, upon account stated, to date, and upon the bond on which the note and settlement were based. Carter did not sign the note, but was the surety of Newby on the bond.

Answer: set-off, containing about twenty items of account, amounting to $587; to which was replied a set-off, containing over ninety items of account, amounting to $4,390.99.

There are other pleadings in the record, which we need

The Grover and Baker Sewing Machine Co. *v.* Newby *et al.*

not state, as no questions are raised or discussed, except such as arise under the motion for a new trial.

Trial by jury; verdict for appellant, for five dollars and three cents.

Over a motion for a new trial made by appellant—fifteen causes assigned—and exceptions reserved, the court rendered judgment on the verdict. Appeal.

The appellant complains of the rejection of a certain receipt offered in evidence, in the following words:

"Received of S. W.. Smith the sum of twenty-five dollars, in full of this judgment, of which amount I pay $24.05 costs, adjudged against me, January 5th, 1874.

(Signed,) "W. H. NEWBY."

This receipt, upon its face, does not show any connection with the case, nor with any evidence introduced at the trial, nor to what judgment it was applicable; nor was there any offer made, with the receipt, to show its connection with the case, or with the evidence introduced at the trial, or with any judgment involved in the controversy. It was therefore properly rejected.

The appellant also complains of the rejection of a transcript of a certain judgment between the parties, in the Bartholomew Circuit Court; but the bill of exceptions does not show that such a transcript, or any transcript, was offered as evidence at the trial. The question, therefore, is not presented to us. One of the causes for a new trial assigns, that such a transcript was offered as evidence and refused by the court, and sets out the transcript therein, but this is only the statement of the attorney. To show us that it was so offered and rejected, the court must say so in a bill of exceptions, over the signature of the judge. This has not been done.

Further, the appellant complains, because the court refused to strike out certain evidence tending to show that Newby was entitled to pay for certain services rendered to the appellant, and pleaded in his set-off. It is insisted, that the evidence was improperly admitted, because, by the

terms of the written contract between the parties, such services should not be paid for. But this would not prevent the parties from making a subsequent contract, that similar services should be paid for, as was claimed in the set-off pleaded by Newby.

The only remaining question, discussed by the counsel on behalf of the appellant, is, that the evidence shows the verdict to be too small in amount; and the counsel fully admit that we are bound by a well-settled rule, not to disturb a verdict merely upon the ground of the conflict of evidence. Upon a close examination of the evidence, it does seem to us that the amount of the verdict is too small; but the jury, with a far better opportunity to ascertain the facts from living witnesses, than we have on paper, have found otherwise, and their verdict must stand. Nor is there the remotest probability, with over an hundred controverted items of account in the case, that another trial would result in a verdict any more satisfactory to the parties, or to the court trying the case, or to this court, than the one already obtained.

In such a case, it is our duty, though not altogether satisfactory, to affirm the judgment, which is done, with costs.