The First National Bank of Cambridge City *et al. v.* Colter.

————◆————

## The First National Bank of Cambridge City et al. *v.* Colter.

61 153
138 596

61 153
152 525

61 153
154 578

PRACTICE.—*Joint Verdict.*—*Joint Motion for New Trial.*—No question as to the separate right to a new trial of one of several parties against whom a verdict has been rendered is raised by a joint motion therefor by all.

SAME.—*Objection to Evidence.*—The grounds of objection to the admission of evidence must, unless apparent on its face, be stated to the court at the time objection is made, and not merely in a motion for a new trial.

SAME.—*Exception.*—*Bill of Exceptions.*—The fact that exception was taken to the admission or rejection of evidence must appear, not only in a motion for a new trial, but by a bill of exceptions.

SAME.—*Exclusion of Evidence.*—The evidence expected to be elicited by a question put to a witness and excluded must be stated to the court at the time the question is asked, to make such exclusion available as error.

CONVEYANCE.—*Breach of Warranty.*—*Contract to Sell.*—*Principal and Agent.*—*Boundaries Pointed out by Agent.*—*Presumption.*—The title to certain real estate, and the appurtenances thereunto belonging, being property designed and used for certain manufacturing purposes, was nominally vested in the president of a banking corporation, which was the real owner thereof. Such corporation, being desirous of selling such property, the boundaries of which could not be determined by an inspection of the description contained in its title deeds, its president, as its authorized agent, pointed out to one negotiating for the purchase of such property certain lines, as the true boundaries thereof, and the latter, relying on such representations, purchased the property pointed out for a certain sum, and received a conveyance, containing covenants of general warranty, executed by such corporation, in the name of its president, and in the name of the latter personally, of a tract of land embracing the property really belonging to such corporation and a tract of land belonging to a third person, but omitting, without his knowledge, a part of the property represented to him as included in the purchase.

*Held*, in an action by the purchaser, against such corporation and its president jointly, for damages for a breach of its warranty, because of its conveyance of the property of such third person, and because of its failure

to convey the omitted portion, which also belonged to another, that the corporation was bound by the representations of its agent, and is liable for damages.

*Held*, also, the contrary not appearing, that it is presumed that the purchase was made by the plaintiff for the purpose of carrying on the manufacturing business for which the property had been designed and used.

SAME.—*Instruction to Jury.*—*Measure of Damages.*—An instruction to the jury in such case, that, in determining the measure of the plaintiff's damages, they could not consider the purpose for which the property was purchased, was properly refused; and a modification thereof, that the purpose for which the property was sold by the defendants and purchased by the plaintiff properly entered into the question of damages, did not harm the defendants.

SAME.—Where, at the request of a party, instructions are given to a jury, he can not complain that the same are contradictory.

From the Union Circuit Court.

*H. C. Fox* and *S. C. Whitesell*, for appellants.

*C. H. Burchenal*, for appellee.

PERKINS, J.—This case was commenced by the appellee in the Wayne Circuit Court. A trial was had and a verdict returned in favor of the appellants. A motion for a new trial, made by the appellee, was sustained by the court. Appellee then filed a motion and affidavit for a change of venue from Wayne county, and a change was granted to the county of Fayette. In the Fayette Circuit Court, the appellants filed a motion and affidavit for a change of venue, which was granted, and the cause transmitted to the Union Circuit Court, where it ended its pilgrimage, and was finally tried by a jury and a verdict rendered for the appellee.

It was a suit to recover damages for a breach of warranty.

The complaint is in three paragraphs.

The first alleges a conveyance, with covenants of warranty, of certain real estate, to the plaintiff by the defendants, for the sum of twelve thousand two hundred and fifty dollars, to which the title had failed, and from which the plaintiff had been ousted. .

The third paragraph alleges the purchase, the cove-

nants in the deed, etc., and avers that the defendants had no title to "the following described part of the real estate conveyed and warranted, viz.: A triangular piece of land lying due west of lot number 17, in block 10, west of the river and north of the road, in Cambridge City, in said county, which is bounded as follows: On the east side by Foote street, on the north side by an alley running east and west between Pork street and North Front street, and on the third side by East Canal street; and the said defendants, or either of them, then and there had no right to convey the same; but, on the contrary thereof, the title thereto and the right of possession, as well as the actual possession, thereof, were then and there lawfully vested in other person or persons, and said defendants did not put said plaintiff in possession of said part of said real estate, nor has he ever been in possession thereof; and plaintiff says, that, at the date of said conveyance, the said part of said real estate above described constituted the full one-fourth part in value of the entire real estate embraced in said deed, and was of the value of three thousand dollars. Wherefore," etc.

The second paragraph of complaint is as follows:

" That, on or about the 11th day of October, 1869, the said defendants, claiming to be the owners of a certain distillery, with the grounds and appurtenances thereunto belonging, situate within and adjoining the town of Cambridge City, in said county, desired to sell the same to the said plaintiff; and, for the purpose and with the view to induce the said plaintiff to purchase the same, the said defendant, John Calloway, who was also then and there the president and the duly authorized agent of the said First National Bank of Cambridge City, went with said plaintiff to and upon the said premises, and exhibited and pointed out to said plaintiff the premises claimed to be owned by defendants, and which they desired and proposed to sell to said plaintiff; and, among the other parts of said premises so pointed out by said

Calloway, and which were claimed by defendants to be embraced within the title held by them, and which they proposed to convey to plaintiff, was a certain lot of ground, about twelve acres," (describing the ground,) "upon which were situated the extensive hog-pens, appurtenant to said distillery, and other conveniences used in connection therewith, and which said lot of ground, and the structures thereon, the said Calloway pointed out as being parts and appurtenances of said distillery property owned by said defendants; and the plaintiff, relying on said representations as true, purchased from the defendants said distillery and grounds and appurtenances, paying therefor twelve thousand two hundred and fifty dollars, and received a warranty deed therefor, and entered into possession and made expensive improvements thereon. But the plaintiff has since discovered that said deed of defendants did and does not include the following described land: the said lot or tract aforesaid, lying north of said distillery and between the river and Benjamin Conklin's land. And plaintiff says the defendants had no title to said part of said premises so sold to him, but that the same belonged to other parties, who have ousted the plaintiff and taken possession. Plaintiff says that said part of said premises constituted fully one-third part in value of the entire premises so bargained for, and was of the value of four thousand dollars; that plaintiff, between the time he took possession and the time he was notified that said part of said real estate was not included in said deed, had expended in improvements thereon, to wit, in hog-pens, to be used in connection with said distillery, the sum of three thousand dollars, all of which has been lost," etc.

A copy of the deed is made part of the complaint.

The defendants answered in denial, and payment.

Trial by jury; verdict for the plaintiff for two thousand one hundred and fifty-four dollars and fifty cents.

Motion for a new trial, as follows:

"Now come the defendants, John Calloway and the First National Bank of Cambridge City, and move the court to grant them a new trial for the following reasons, to wit :"

1. Verdict contrary to law ;

2. Verdict contrary to evidence ;

3. Damages are excessive ; and,

4. Errors of law occurring at the trial, in giving and refusing instructions, admitting and excluding testimony, etc.

The motion was overruled, and the defendants excepted.

Judgment was rendered upon the verdict, and the defendants appealed to the Supreme Court.

A bill of exceptions presents the evidence.

It is assigned for error, in this court, that "the court below erred in overruling the appellants' motion for a new trial."

It may properly be stated here, that the jury answered three interrogatories, thus :

"Did the defendants execute the deed filed with the complaint and marked exhibit 'A'?

"Answer. Yes.

"Did not the defendant Calloway, before the execution of said deed, go with the plaintiff upon the premises to show him the land proposed to be conveyed by defendants, and did he point out to plaintiff certain boundaries as being the boundaries he proposed to sell?

"Answer. He did.

"At the time of pointing out such boundaries, was said Calloway acting as the duly authorized agent of the First National Bank of Cambridge City, for the sale of said distillery property?

"Answer. He was."

It is conceded by both parties, that Calloway was the president of said bank of Cambridge City.

158     SUPREME COURT OF INDIANA.

The First National Bank of Cambridge City *et al. v.* Colter.

The premises in the deed to the plaintiff, on the covenants in which this suit was instituted, are as follows:

"This indenture witnesseth, that John Calloway and Mary D. Calloway, his wife, and the First National Bank of Cambridge City, Indiana, by John Calloway, president of the same, of Cambridge City, Indiana, convey and warrant to John Colter," etc.

The deed is signed thus:

"John Calloway,     [SEAL.]

"Mary D. Calloway, [SEAL.]

"First National Bank of Cambridge City, Indiana, by

"John Calloway, President. [SEAL.]"

It was duly acknowledged by the same parties. The title of the appellants to the property was acquired by a purchase of the same, at sheriff's sale, on a decree in favor of the bank.

The evidence established, that, while the president of the bank was the nominal, the bank was the real, owner of the property, and that the location of the boundary line of a part of the property could not be determined from an inspection of the deed.

It is claimed in argument, that, while the motion for a new trial may have been rightly overruled as to the president of the bank, it should have been sustained as to the bank. No such question appears to have been presented to the court below. The verdict was a joint one against both defendants; the motion for a new trial was joint, asking a new trial for both defendants. The court was not asked to grant a separate new trial to the bank, and did not err in failing to grant it. See *Estep* v. *Burke*, 19 Ind. 87, and *Teter* v. *Hinders*, 19 Ind. 93.

See, as to the power of a special agent to sell to point out the property, *The Indiana Central Canal Company* v. *The State*, 53 Ind. 575; Wharton Agency & Agents, sec. 158.

The covenants in the deed by the bank were co-extensive with the representations of her agent.

As applicable to the objections and rulings made to the

admission and rejection of testimony, the following established rules of practice settle the questions made upon them :

1. Where offered evidence is objected to on the trial, the ground of objection must be stated at the time, unless it is apparent. It is not enough that the objection is pointed out in the motion for a new trial. *Trogden* v. *Deckard*, 45 Ind. 572. And it must be made to appear otherwise than by assertion in the motion for a new trial, that exception to the ruling was taken at the time the ruling was made. *Grover, etc., Co.* v. *Newby*, 58 Ind. 570 ; *McGee* v. *Robbins*, 58 Ind. 463.

2. To make available in the Supreme Court an exception taken to a ruling sustaining an objection to a question asked of a witness, the answer expected to be elicited must be stated at the time to the court. *The Ohio, etc., R. W. Co.* v. *Rowland*, 51 Ind. 285 ; *Tedrowe* v. *Esher*, 56 Ind. 443 ; *Robinson Machine Works* v. *Chandler*, 56 Ind. 575 ; *Ferguson* v. *Hirsch*, 54 Ind. 337 ; *Stanley* v. *Sutherland*, 54 Ind. 339.

The only remaining question, necessary to be considered, relates to the rule for ascertaining the measure of damages in this case.

The case is as follows :

The Cambridge City Bank, above named, sold a distillery with the hog and cattle pens, indeed all the appurtenances thereunto belonging, and the ground upon which all were situate, and made a deed thereto, with covenants of warranty, to John Colter, the appellee, for the price and sum of twelve thousand two hundred and fifty dollars, paid by said Colter to the bank. The property was sold as a unit, as an entirety, for that sum. It was not sold to be used by the purchaser for a particular purpose, different from that for which it was built, and to which it was then appropriated. He purchased it for what it was, a distillery. The title to a part of the distillery property

failed. And the question is, by what rule is the amount of damages to be ascertained?

In *Wiley* v. *Howard*, 15 Ind. 169, it was decided, that, in such case, the damage must be for the lost tract or portion, " in proportion to its relative value and importance, when taken in connection with the whole." *Hoot* v. *Spade*, 20 Ind. 326; *Phillips* v. *Reichert*, 17 Ind. 120. See *Ricketts* v. *Lostetter*, 19 Ind. 125.

In *Cornell* v. *Jackson*, 3 Cush. 506, the court say, " The last question is, what is the rule of damage? The defendant's counsel contend that it should be determined by the proportion in quantity which the land between the conventional and true lines bears to the residue of the land purchased. But this is not a just rule; for the value may be unequal. The true and just rule is, that the proportional value, and not the quantity of the several parts of the land, should be the measure of damages."

In *King* v. *Pyle*, 8 S. & R. 166, it is said, speaking of the failure of title to a part of an entire purchase, that " It is evident, that this loss might be much more than the average price of the whole land. It may happen, that a few acres may be so situated, as to form the principal inducement for the purchase of a large quantity; or at least they may be so essential, that without them the remainder may be greatly reduced in value."

The court, in the case before us, instructed the jury:

" If, from the evidence in this case, you should find that the defendants sold to the plaintiff certain lands, situate in Cambridge City, Wayne county, Indiana, for the sum of $12,250, and that, at the time, the defendants had no title to a portion thereof, the measure of damages for such portion will be its relative value when taken in connection with the whole, considering the whole value to be $12,250; for the law will apportion the damages to the measure of value between the lands lost and the lands preserved."

To this instruction there was no exception.

The appellants then asked the court to give the following instruction:

"The measure of damages, upon the covenants in a deed for the sale of lands, when there has been a failure or want of title in the grantee, is the price thereof, together with lawful interest thereon, without reference to the purpose for which such lands were purchased, for the reason that the purpose for which the land was bought does not enter into the covenants."

But the court refused to give said charge as asked, but gave the same modified with the addition of the following words, to wit:

"Yet the jury have a right to take into consideration all the facts and circumstances as detailed by the witnesses, to enable them to determine for what purpose the property was constructed and sold, and for what purpose it was sold and purchased, as between plaintiff and defendants in this case, as expressed at the time of the sale and purchase."

The instruction asked was not applicable to the case made by the evidence, and should not have been given; and, if it conflicted with the previous instruction, we do not see what right the appellants have to complain, as it was given at their request. As to the modification, it could not possibly have harmed the appellants.

The evidence showed that the buildings, hog and cattle pens, etc., the establishment, was constructed for a distillery, and had been long used as such; the relative situation of the parts of the establishment, the grounds on which they were situate, etc.; that the appellee purchased a distillery, the presumption being, nothing appearing to the contrary, that he purchased to use as a distillery; the jury could consider these matters in determining what the property and the parts of it were worth. In short, the jury would understand that they might consider what the property, being a distillery, was worth, and the dam-

age resulting from the loss of particular parts of it. There was no evidence touching the point, as to the property being bought for any thing other than what it was, a distillery. This limited the subject in the minds of the jury.

That the jury were not misled, is shown by their verdict.

There was a failure of title to two pieces of the ground, the twelve-acre and the triangular tract. The amount of the verdict, two thousand one hundred and fifty-one and $\frac{50}{100}$ dollars, would have been justified by the testimony introduced by appellants.

Nothing was given the appellee for loss of improvements.

The judgment is affirmed, with costs.