Robertson, Administrator, *et al. v.* Garshwiler, Guardian.

---

No. 9358.

ROBERTSON, ADMINISTRATOR, ET AL. *v.* GARSHWILER, GUARDIAN.

PRACTICE.—*Joint Motion for New Trial.*—A joint motion for a new trial must be good for all who join in it, else it is not available for any of them, and where the finding and judgment are for one defendant and against another, a joint motion for a new trial will not avail either of them.

SAME.—*Admission in Complaint.*—*Evidence.*—*Payment.*—Under a plea of payment to an action on a promissory note, it is competent for the plaintiff to show that a credit admitted in the complaint is for the same payment evidenced by a receipt produced by the defendant.

SET-OFF.—*Guardian.*—An individual obligation of a guardian can not be set off against a cause of action held by him as guardian.

From the Marion Circuit Court.

*F. M. Finch* and *J. A. Finch*, for appellants.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake*, for appellee.

Woods, J.—The appellee, as guardian, brought this action upon a promissory note made by Amos and Emily Birchard, payable to the order of the appellee at a bank in this State, and endorsed by the appellant Piel. The makers of the note having both died, the appellant Robertson was appointed administrator of the estate of said Emily, and in that capacity was made defendant.

The appellants severed in their defences, Robertson pleading a set-off and the coverture of his intestate, and Piel answering by a general denial and a plea of suretyship. The court found in favor of the defendant Robertson, upon the answer of coverture, and gave judgment in his favor, but found against Piel in favor of the appellee in the sum of $640, and entered judgment accordingly.

The first error assigned and discussed by counsel is the sustaining of the demurrer to the set-off pleaded by Robertson. The ruling, however, was clearly right. The alleged set-off consisted of an individual obligation of the plaintiff Garshwiler, which was not lawfully capable of being set off against a cause of action which he held as guardian. "The principle of mutuality, in such cases, requires that the debts should not only be due to and from the same person, but in the same capacity." *Dayhuff* v. *Dayhuff's Adm'r*, 27 Ind. 158.

The other questions in the case arise under the overruling of the motion for a new trial, the discussion on behalf of the appellant being directed to the admissibility of certain testimony and to the amount of the recovery. At this point, the appellee insists that no question is presented, because the motion for a new trial was a joint motion by both defendants, and that, Robertson not being entitled to a new trial, as he clearly was not, the motion was not available for the appellant Piel.

Such seems to be the rule of practice. It was so decided in the case of *First National Bank, etc.*, v. *Colter*, 61 Ind. 153, in

which there was a joint verdict against the parties who joined in the motion; and where, as in this case, the finding is for one and against the other, the reason for applying the rule is manifestly stronger.

The principal objection to the testimony, however, is that the plaintiff was allowed to offer evidence in explanation of a credit admitted in the complaint. It is insisted that it was not competent for the plaintiff to dispute the credit so admitted; and, if true in fact, the objection would be well taken. The effect of the evidence, however, was not to dispute the complaint, but simply to show the source of the credit, and that it was identical with and constituted a part of a sum for which the plaintiff had given a receipt, which was put in evidence by the defendant.

This disposes, too, of the claim that the amount of the recovery was too great.

Judgment affirmed, with costs.