10,357.

## FEENEY ET AL. v. MAZELIN.

SUPREME COURT.—*Amendment to Pleading.—Record.*—The Supreme Court can not review the action of the lower court in refusing to permit a defendant, after the cause is at issue, to file an additional defence, unless the pleading proposed and the affidavit in support of the motion for leave to file are in the record.

PRACTICE.—*Promissory Note.—Non est Factum.—Joint Answer.— Reply.*—A joint answer by two defendants, alleging a material alteration after they executed a promissory note sued on, which is verified by the affidavit of only one of them, is sufficient only to put the plaintiff upon proof of the execution of the note by the one thus verifying the answer; as to the other the plaintiff need only produce the note in evidence; and a reply that the former had ratified the note after the alteration was known to him is good.

SAME.—*New Trial.—Joint Motion.*—A joint motion of two or more co-parties for a new trial should be overruled as to all if any one of them be not entitled to a new trial.

SAME.—*Assignment of Errors.*—Upon a joint assignment of errors by two or more appellants, the Supreme Court will not reverse the judgment as to either, unless some available error be found as to both.

From the Marion Circuit Court.

*J. L. Griffiths* and *A. F. Potts,* for appellants.

*W. D. Bynum, A. T. Beck* and *J. Kidd,* for appellee.

MORRIS, C.—The appellee sued the appellants in the Hendricks Circuit Court on the following promissory note:

"$306.          INDIANAPOLIS, IND., April 20th, 1879.

" One year after date we promise to pay to the order of John B. Mazelin, conjointly, three hundred and six dollars, negotiable and payable at the Bank of Commerce, in Indianapolis, Indiana, for value received, without any relief whatever from valuation or appraisement laws, with interest at the rate of ten per cent. per annum after date until paid, and attorney's fees of five per cent. upon the amount due.

" The drawers and endorsers hereon severally waive presentment for payment, protest and notice of protest and non-payment of this note.          PETER FEENEY.

" Witness : P. C. LEARY.                    his
                                   " CHARLES X HESHION.
                                          mark
                                          his
                          " JOHN C. X CASSERLY."
                                   mark

Feeney, who was duly served with process, did not appear to the action, and judgment was taken against him by default. Heshion and Casserly appeared and answered the complaint by a general denial. They also filed a second paragraph of answer, in which they allege that the defendant Peter Feeney being indebted to the plaintiff in the sum of $306, evidenced by a promissory note, and the plaintiff, desiring to procure a new note with surety, filled up a note in full, with the exception of the signatures of the makers, and handed the same to one Patrick C. Leary, for the purpose of having the same signed by the said Feeney and his sureties, it being understood by the plaintiff that said Leary, the defendant Heshion and some other person acceptable to the plaintiff, were to be the sureties on said note ; that said Feeney signed said note as principal, and afterwards said note was signed by the said Heshion and the said Leary as the sureties of the said Feeney ; that they signed the note at the same time, Leary writing both signatures and Heshion making his mark ; that Casserly afterwards signed said note as the surety of said Feeney, and the same

was placed in the hands of said Leary to be delivered; that it was delivered by Leary so signed as aforesaid, to the plaintiff; that the plaintiff, well knowing that said Feeney had executed said note as principal, and that the said Heshion, Leary and Casserly had signed the same as the sureties of said Feeney, materially changed and altered said note by erasing and removing the name of said Leary therefrom, by drawing a pen and ink mark across and through the name of said Leary, and thereby releasing him from liability on said note as the co-surety of these defendants; that the note mentioned in said complaint, with the name of the said Leary erased therefrom, is not the note of these defendants. The answer is properly sworn to by Heshion, but not by Casserly.

The plaintiff replied to the answer by a general denial. He also replied to the second paragraph of the answer as to Heshion, alleging that, long after the execution of said promissory note by the defendants and others, as claimed, and after a full knowledge of all the facts set up in the answer, to wit, on the 20th day of June, 1879, the said Heshion fully ratified and confirmed the acts of the plaintiff as complained of, and took and received from the said Feeney, the principal in said note, and his wife, a conveyance of certain real estate, and, as part of the consideration of said land so conveyed, assumed and agreed with the said Feeney to pay the said note sued upon. Wherefore, etc.

At this point the venue of said cause was changed to the Marion Circuit Court. The parties appeared in the Marion Circuit Court, and the appellants Casserly and Heshion filed a third and fifth paragraph of answer. The third is substantially the same as the second. The fifth recites the facts as to the signing of the note and its delivery to Leary as the same are stated in the second paragraph of the answer. It then avers that before the delivery of the note to the plaintiff said Leary erased, removed and struck off his name from said note, without the knowledge, acquiescence or consent of

the defendants Heshion and Casserly. These paragraphs of the answer do not appear to have been verified.

The plaintiff replied to the third and fifth paragraphs of the answer by a denial. The cause was submitted to a jury for trial, who returned a verdict for the appellee. Heshion and Casserly moved for a new trial; the motion was overruled and final judgment rendered on the verdict.

The evidence is not in the record. The errors assigned are as follows:

1. The court erred in refusing to permit the appellants Heshion and Casserly to file the fourth paragraph of their joint answers.

2. In overruling their motion to strike from the files the second paragraph of the appellee's reply to the second paragraph of their joint answers.

3. In overruling their motion for a new trial.

The court did not err in refusing leave to the appellants to file a fourth paragraph of answer. It was a matter very much within the discretion of the court. The record does not show an abuse of such discretion. Neither the motion, nor the affidavit attached to it, nor the paragraph proposed to be filed, is in the record. It is therefore impossible for this court to determine whether there was or was not error in refusing leave to file a fourth paragraph of answer. Nor did the court err in refusing to sustain the appellants' motion to strike out the second paragraph of the appellee's reply to the second paragraph of the appellants' answer. The second paragraph of the answer was verified by Heshion alone. It was not verified by Casserly. As to Casserly, it admitted the cause of action alleged in the complaint. It had no other effect, as to him, than simply to require the production of the note by the appellee on the trial of the cause. If, as to Heshion, it put in issue the execution of the note sued upon, the reply, which showed that Heshion, with a full knowledge of all the facts alleged in the answer, ratified the note as altered, and, for a valuable consideration, assumed and agreed with the

maker to pay it, sufficiently avoided the answer as to Heshion. This was all it purported to do.

Nor do we think the court erred in overruling the motion for a new trial. If the motion was not good as to both Heshion and Casserly, it should have been overruled. If, as to Casserly, the motion should have been overruled, it should also have been overruled as to Heshion. *First National Bank of Cambridge City* v. *Colter*, 61 Ind. 153; *Estep* v. *Burke*, 19 Ind. 87; *Teter* v. *Hinders*, 19 Ind. 93.

Casserly, not having verified the answer, or any paragraph of it, the execution of the note, as to him, was not in issue. *Pursley* v. *Morrison*, 7 Ind. 356; *Taylor* v. *Gay*, 6 Blackf. 150. It follows, therefore, that any instructions given by the court as to the execution of the note must, as to him, however erroneous, have been harmless. As the only ground upon which a new trial is claimed is because of instructions given by the court in relation to the execution of the note, it follows that the motion for a new trial, as to Casserly, was properly overruled. The motion, being the joint motion of Heshion and Casserly, if properly overruled as to the latter, should have been overruled as to the former. *First National Bank* v. *Colter, supra.*

The errors are jointly assigned by the appellants Heshion and Casserly. If there was no error in overruling the motion for a new trial as to Casserly, there could be, under such an assignment, no available error in overruling it as to Heshion. A joint assignment of error by two or more appellants can not be sustained unless it is well assigned as to all. *Eichbredt* v. *Angerman*, 80 Ind. 208.

There is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.