J. Samuels & Bro. Inc. *vs.* Superior Court.

FEBRUARY 8, 1918.

Present:   Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  New Trial.   Joint Tort-Feasors.*

In an action against joint tort-feasors, after verdict against both defendants, independent motions by defendants for a new trial were properly filed. *Bassett* v. *Loewenstein & Hahn,* 22 R. I. 468, and *Curry & Richards* v. *Stokes,* 12 R. I. 52, distinguished.

CERTIORARI.   Writ granted and record quashed in part.

VINCENT, J.   This is a petition for a writ of *certiorari* filed for the purpose of bringing before this court for review the record of the Superior Court in a cause entitled *Dorothy Drew* v. *J. Samuels & Brother, Inc.,* et al., Law No. 581, Washington County.   A writ of *certiorari* was issued and the record in question is now before us.

The cause we are asked to review is an action for false imprisonment brought by Dorothy Drew against J. Samuels & Brother, Inc., and Nazaly Avedisian as joint tort-feasors. The case was tried in the Superior Court.   The trial was concluded on October 10, 1917.   The jury rendered a verdict of guilty against both defendants and assessed damages in the sum of $1,358.

Later, on October 13, 1917, each of the defendants filed a motion asking for a new trial.   The usual common law grounds were included in both motions, but they differed as to other alleged errors.   During the argument before the trial court on the motions for a new trial, counsel for Dorothy Drew, the plaintiff, moved to dismiss the motions of the defendants for a new trial on the ground, "That it appears of record that the verdict undertaken to be appealed from was and is joint against all the parties defendant; whereas, said petition or motion is singular and several and fails to join all the parties defendant", whereupon the further hearing of the matter was postponed for one week, the plaintiff in the meantime filing formal motions in writing

to dismiss the several motions of the defendants for a new trial, one of which said motions to dismiss being filed October 31 and the other November 3, 1917.  The defendant, J. Samuels & Brother, Inc., also filed a motion on November 8, 1917, asking that it might be permitted to join the defendant Avedisian in its motion for a new trial and that it might be permitted to so amend its said motion, and in these requests the said Avedisian joined.

On November 8, 1917, a hearing appears to have been had on the motions to dismiss the motions of the several defendants for a new trial and on the following day the Superior Court rendered a decision granting the motion of the plaintiff to dismiss the motion of each of the defendants.

On November 17, 1917, the Superior Court rendered a further decision denying the motion of the defendant J. Samuels & Brother, Inc., to join the defendant Avedisian in its motion for a new trial.  In reviewing this record the defendants direct our attention to two questions:  (1) Was the decision of the Superior Court dismissing the motions of the defendants for a new trial correct and (2) Was the decision of the Superior Court refusing to permit the amendment of the motion of J. Samuels & Brother, Inc., by adding thereto the name of Nazaly Avedisian as a joint moving party and refusing to permit Nazaly Avedisian to join in the motion of J. Samuels & Brother, Inc., for a new trial proper?

In dismissing the motion of the defendants for a new trial the Superior Court seems to have based its decision upon the cases of *Bassett* v. *Loewenstein & Hahn*, 22 R. I. 468 and *Winsor* v. *Cook*, 35 R. I. 472, and the decision of this court on the motion for a rehearing in *Bassett* v. *Loewenstein & Hahn*, reported in 48 Atl. 934.

In examining these two cases, and other cases cited therein, some important differences between them and the case at bar may be noted.  In *Bassett* v. *Loewenstein* the suit was against copartners and the court held that one of two defendant copartners could not take an appeal.  This de-

cision is in accord with the case of *Curry & Richards* v. *Stokes*, 12 R. I. 52, where the court held that one of two plaintiff copartners could not take an appeal. The correctness of these decisions cannot be denied. In the one case it is held suit must be brought, judgment entered against both defendants and execution issued as against both. In the other case judgment must be entered in favor of both plaintiffs and execution must issue accordingly. This is not so in the case at bar as it would have been competent for the jury to have found one of the defendants guilty and the other not guilty, or to have found both guilty or not guilty. If one had been found not guilty he would thereafter have no appealable interest and could neither join or be joined in the appeal. It is true that in *Curry & Richards* v. *Stokes, supra,* the court said, "Even one of two defendants cannot, as a matter of course, appeal from a judgment rendered against both of them jointly." As the question before the court in that case related solely to copartners this language amounts to nothing more than a dictum, which is not even positive in its terms but expresses some qualification, the exact nature of which is not clear.

In the case of *Gencarelle* v. *N. Y., N. H. & H. Ry. Co.*, 21 R. I. 216, the plaintiffs, who were husband and wife, voluntarily joined themselves in a suit to recover compensation for services rendered by both of them to the defendant, in the nursing and care of one who had received an injury through the defendant's alleged negligence. After nonsuit the husband alone petitioned for a new trial and the court held that the petition in such case was in the nature of an appeal and must be joint and it also held, the plaintiffs being husband and wife, that the evidence showed that the claim was not joint but several and that under the statute they must each sue alone, referring to Gen. Laws, 1896, R. I., cap. 194, § 16, which provides that, "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone."

It is to be noted that in all of these cases to which we have referred, the motion for a new trial, or the appeal, was filed by one of several plaintiffs or defendants without any action in that regard being taken by the other defendant or defendants and in that respect they differ from the case at bar where each of the defendants has preferred a motion for a new trial.

At the trial of the present case in the Superior Court each of the defendants was represented by personal counsel and the defence of each was conducted independently.   Each counsel was entitled to propound to the witnesses such questions as he might see fit and to take such exceptions as in his judgment were best adapted to conserve and protect the interests of his client.   In such a trial it cannot be reasonably expected that the two defendants would be equally interested in every  portion of the testimony and that in all respects it would bear evenly upon them.   Each defendant is entitled to take an exception to the admission or rejection of testimony and to other rulings or to portions of the charge of the court as he may see fit and in so doing he is not dependent upon the coöperation or concurrence of another defendant with whom he has been associated.

(1)   If joint tort-feasors were bound to act together in all proceedings, it is easy to see how one defendant might be deprived of substantial rights by the action or nonaction of another.   If defendants were compelled to file a joint motion for a new trial and it should appear, as it might, that one defendant had good grounds for a new trial and that the other defendant had not, it would logically follow that such motion should be denied.   In 14 Encyc. Pl. & Pr. 871, it is stated that "Motions for a new trial may be made jointly by all the parties plaintiff or defendant.   But such practice should be avoided in all cases except where it is clear that the grounds for the motion will be sustained as to all parties joining in the motion."   It has been held in several states that when there is a verdict against all of the defendants a motion for a new trial made by the defendants jointly must

be overruled if the verdict was correct as against any one of them. *Scott* v. *Chope*, 33 Neb. 41, 92; *Robertson* v. *Garshwiler*, 81 Ind. 463; *First National Bank* v. *Colter*, 61 Ind. 153; *Miller* v. *Adamson*, 45 Minn. 99.

We think that inasmuch as the practice in this State permits one joint defendant to interpose a separate defense and to take exceptions without the concurrence of the other defendant or defendants, it cannot be said consistently that he should be deprived of an independent opportunity of presenting the questions arising under the exceptions, in which he alone may be interested, without subjecting himself to the danger of losing his rights by joining with other defendants in a motion for a new trial which, according to some of the authorities cited, must be denied if the verdict as to either defendant is justified.

It cannot be denied that in an action brought against several defendants as joint tort-feasors it would be competent for the jury to find all the defendants guilty, or all not guilty, or a part guilty, and the other not guilty. *Terpenning* v. *Gallup*, 8 Iowa 74; *Hayden* v. *Woods*, 16 Neb. 306; *New Mexico & S. P. R. R. Co.* v. *Madden*, 7 N. Mex. 215. In our statute Chapter 298, Section 12, it is provided that "any person or party entitled to except in a cause or proceeding tried by a jury in the superior court may file . . . a motion for a new trial for any reason for which a new trial is usually granted at common-law . . ." We think that under this provision a defendant who has the right, under the practice which obtains in this State, to take an exception for his individual benefit is a person who may file his motion for a new trial and that the language of the statute above quoted is indicative of an intent on the part of the legislature to make some distinction between persons and parties and to afford to litigants an opportunity to proceed in motions for new trials singly or collectively, as the circumstances of the particular case might seem to require. It would be absurd for us to hold that a defendant having the right to an individual exception could not prosecute it, or that having such right he could only prose-

cute it in connection with another defendant perhaps having no interest therein.

In the case of *State* v. *Brown et al.*, 40 R. I. 527, Brown, Spellman and Healis were jointly indicted for murder and Elizabeth F. Mohr was also indicted with said defendants as accessory before the fact.   Healis pleaded nolo and sentence was deferred.   The defendants Brown and Spellman were found guilty and filed separate bills of exceptions.   Mrs. Mohr was acquitted.   Each of the parties was represented by separate counsel.   The counsel for Mrs. Mohr did not appear for or represent the other defendants and the defenses of the several defendants were separate and not joint. The defendant Mrs. Mohr, filed a motion to quash the indictment on the ground that the statute under which she was indicted was unconstitutional.   This motion was denied. She later moved that the constitutional question be certified to the Supreme Court and that motion was also denied. The other defendants made no attempt in the Superior Court to raise a constitutional question.   Mrs. Mohr, having been found not guilty, had no further interest in the matter. The defendants Brown and Spellman, in their respective bills of exceptions sought to avail themselves of the exception taken by Mrs. Mohr to the ruling of the Superior Court upon her motions relating to the constitutional question.   Upon that question this court said:   "It is quite obvious   .   .   . that if these defendants here were 'aggrieved' by the ruling or decision of the superior court in denying Mrs. Mohr's motion to certify constitutional questions to this court, they should have taken exception thereto in the superior court.   It cannot be held, as contended on behalf of these defendants, that because these defendants and Mrs. Mohr were tried together under one indictment, each of these defendants should be able to avail himself of exceptions taken solely on behalf of Mrs. Mohr at a preliminary hearing on a question which, so far as the record discloses, solely interested Mrs. Mohr, in which they were not interested, and in which they took no part.   If the position here taken by these defendants

were tenable, it would result that, although all the defendants were separately defended, each by his own counsel, and made different and distinct defenses, counsel for each defendant should be deemed, for the purposes of subsequent procedure after trial, in the prosecution of exceptions, to have been the agents and representatives of each of the other defendants, although they had not been appointed or selected for such purpose. We think the language of the statute plainly intends that the defendant, seeking to avail himself in this court of exceptions taken in the superior court, must have taken the exceptions there on his own behalf. If these defendants had desired to raise the same constitutional questions in the superior court as were raised on behalf of Mrs. Mohr, they could have done so, just as they did raise other questions which were not raised by Mrs. Mohr, and as to which they are now prosecuting their exceptions."

This court also held that the trial court was in error in disallowing two of the individual exceptions of the defendant Spellman.

The case of *State* v. *Brown et al.* presents substantially the same question which is presented in the case at bar, although approached and discussed inversely, and it upholds the proposition that a defendant joined with others appearing by his own counsel and making his own defense is entitled to the benefit of his own exceptions, but cannot profit by the exceptions of other defendants in which he has not primarily participated.

We think that the Superior Court should have heard and determined the defendants' motions for a new trial and the record of that court so far as it relates to the dismissal of such motions is therefore quashed.

Having reached this conclusion it follows that the motions to amend the original motions for a new trial were entirely unnecessary and were properly denied.

The record in the case is remitted to the Superior Court.