May Term,
1838.                          GOUDY v, THE STATE,

GOUDY
v.
THE STATE.

On the trial of an indictment for an assault and battery, the defendant, in order to prove a former conviction before a justice for the same offence, may introduce a transcript of the justice's record showing the defendant's conviction of the offence, though the transcript do not state that some person, present at the commission of the offence, was examined as a witness, &c. But whether the transcript is sufficient, *prima facie*, to sustain the defence, *quære*.

The facts relative to the evidence given at the trial before the justice, may, in such case, be proved by parol.

Thursday,
June 7.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—Indictment for an assault and battery. Plea, not guilty. Judgment for the state.

The defendant, on the trial, offered in evidence a transcript from the record of a justice of the peace, showing a former conviction of the defendant for an assault and battery, alleged to be the same offence. The transcript was objected to as evidence, because it did not state that some person, present at the commission of the offence, was examined as a witness, or, &c., conformably to the statute. The Court sustained the objection; although the defendant offered, at the same time, to prove by oral testimony that a person who saw the assault and battery was examined on the trial before the justice.

We think the transcript ought to have been admitted. The testimony given on the trial of a cause is not, in ordinary cases, any part of the record; and we find nothing in the statute in question, requiring any of the evidence to be entered on the justice's docket in this particular case. Rev. Code, 1831, p. 295. The transcript was admissible; but whether it was, of itself, *prima facie* sufficient, and made it necessary for the state to prove that the requisite testimony was not given at the trial, is a question not raised in the cause. Supposing that it was incumbent on the defendant in the indictment to prove, *in the first instance*, not only the conviction, but also that the proper evidence was before the justice, still the judgment excluding the transcript is erroneous, since the facts relative to the evidence given at the trial might be proved by parol.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

C. B. *Smith*, for the plaintiff.
W. *Quarles*, for the state.