THE STATE *v.* O'CONNER.

The act of 1851 to regulate the sale of spirituous liquors in *Tippecanoe* county, was not repealed by the new constitution.

Section 7 of that act does not create a distinct offence from that created by section 5 of the same act, but only prescribes a new rule of evidence upon trials for the offence defined by the latter section.

Nov. Term,
1853

THE STATE
v.
O'CONNER.

Monday,
November 28.

A defendant on trial for a misdemeanor may show in his defence that he has been tried and convicted for the same offence.

If evidence offered constitutes a link in the chain of evidence which is admissible, it should be admitted.

APPEAL from the *Tippecanoe* Court of Common Pleas.

ROACHE, J.—An information was filed against *O'Conner*, in the *Tippecanoe* Court of Common Pleas, for retailing without license.

The information, which contained two counts, was founded on the provisions of an act entitled, "An act to regulate the sale of spirituous liquors in the county of *Tippecanoe*," approved *February* 13, 1851. (1)

The fifth section of that act provides, that should any person directly or indirectly sell or barter any spirituous liquors by a less quantity than one quart at a time in said county, &c., without a license so to do, &c., such offender shall forfeit and pay, &c.

Section 7 is in these words: "In all prosecutions under this law, proof that the defendant is the keeper of a grocery or tavern, and to all appearances engaged in retailing liquors by a less quantity than one quart at a time, shall be sufficient to produce a conviction."

The first count is founded on the fifth section, and alleges that the defendant did sell by a less quantity than a quart at a time, to-wit, one pint, to a person unknown. The second count is in the language of the seventh section, and charges that the defendant was, to all appearances, the keeper of a certain grocery for the sale and retail of spirituous liquors by a less quantity than one quart at a time, he, the said defendant, not being licensed to retail.

The Court quashed the second count of the indictment, on the ground, as is alleged, that the statute on which it was based, being local to the county of *Tippecanoe*, was abrogated by the constitution adopted in 1851. On this ground, if no other existed, the decision would have been erroneous. See *The State* v. *Barbee*, 3 Ind. R. 258.

But the count is clearly bad for another reason. The seventh section of the act on which it is founded, does

not, as the prosecutor seems to have supposed, create a distinct offence; it only prescribes a new rule of evidence applicable on trials for the offence defined in the fifth section.

The cause was submitted to the Court for trial, and the defendant was acquitted.

On the trial, the defendant offered in evidence a record of a trial and conviction in a previous case in the same Court, on an information against him, for retailing to certain persons whose names were unknown. The evidence was correctly admitted. The defendant had a right to show that he was on his trial for an offence for which he had already been tried and convicted. Both the former and pending informations charged him with retailing to persons unknown. The record was not of itself, perhaps, sufficient, but was one link in the chain of evidence to prove that the offences were, in point of fact, the same. He had a right to introduce it, and follow it with the necessary proof showing them to be identical. For this purpose, the evidence was properly admitted.

*Per Curiam.*—The judgment is affirmed.

*L. Reilly*, for the state.

*D. Mace* and *W. C. Wilson*, for the defendant.

(1) See Gen. Laws 1851, p. 121.