HARMAN *v.* THE STATE.

22 331
136 474

PRACTICE IN SUPREME COURT—AFFIDAVIT.—An affidavit for a continuance is no part of the record, unless made so by a bill of exceptions, or an order of the Court under section 559 of the code.

SAME.—Where a bill of exceptions does not contain a copy of the matter excepted to, or a direction to insert it, it will be defective; but if the bill, as filed here, contain the matter excepted to, this Court will presume that it was written out in the bill as originally filed in the Court below, or that the bill contained the proper direc-

tion to insert it, and if the bill, as originally filed, contained the proper direction to insert it, it would probably be sufficient for the clerk, in making up the record for this Court, to refer to it as copied into another part of the transcript.

APPEAL from the *Shelby* Circuit Court.

WORDEN, J.—The appellant was indicted for burglary, and, upon trial, was convicted.

He appeals, and claims that error was committed in refusing a continuance of the cause on his application. The affidavit, on which the continuance was asked, can not, as we think, be regarded as in the record; hence, the question sought to be presented is not properly before us. It is settled, in numerous cases, that an affidavit for a continuance is no part of the record, unless made so by a bill of exceptions, or an order of the Court under section 559 of the code of civil practice.

In this case, the clerk has set out, in one part of the transcript, an affidavit, evidently made for the purpose of procuring a continuance of the cause. The bill of exceptions, in respect to this point, is as follows: "Be it further remembered, that the defendant then and there moved the Court to continue said cause, and in support thereof filed the following affidavit, to-wit: (see affidavit above set out,) but the Court overruled the motion, to which," &c.

The code of practice in criminal cases provides that the exception must be taken at the time the decision excepted to is made; that the bill of exceptions must be made out, signed and filed during the term, and that it must contain so much of the evidence only as is necessary to present the question of law upon which the exceptions were taken. 2 G. & H. 420, sec. 120–1.

In the code of civil practice, we have the following provision: "It shall not be necessary to copy a written instrument, or any documentary evidence, into a bill of exceptions; but

it shall be sufficient to' refer to such evidence, if its appropriate place be designated by the words, 'here insert.'" 2 G. & H. p. 209, sec. 343. The bill of exceptions in question is clearly defective, if tested by the provisions of the criminal code only. That code makes no provision for leaving documents out of a bill of exceptions, referring to them with direction to "here insert" them.

It has, however, been held, that though the provisions of the civil code do not necessarily govern in criminal practice, yet that it is reasonable to consult them in the absence of special provisions in the criminal code, in establishing rules, &c. *M'Laughlin* v. *The State*, 8 Ind. 281; *Quinn* v. *The State*, 14 Ind. 589.

Taking it for granted that the provision of the civil code, above quoted, should be applied to the case, we proceed to state why we deem the bill of exceptions defective under that. The bill neither contains the affidavit, nor any direction to insert it. If the bill, as it came up to us, had contained the affidavit, it would have been presumed that the affidavit had been written out in the bill, as originally filed in the Court below, or that the bill contained the proper direction to insert it. And if the bill of exceptions had shown the proper direction to insert the affidavit, we are not prepared to say that, in making out a transcript for this Court, a reference to it by the clerk, as copied in another part of the transcript, might not be sufficient. The difficulty here is, that the affidavit is not made a part of the bill of exceptions by the Court, either in causing it to be set out in the bill as originally filed, or in directing that it be inserted.

*Per Curiam.*—The judgment is affirmed, with costs.

*McDonald & Roache*, for the appellant.

*Oscar B. Hord*, Attorney General, and *Martin M. Ray*, for the State.