## Ferguson *v.* Hirsch.

Practice.—*Appeal to the Supreme Court.—Bill of Exceptions.*—The exclusion by the court below of evidence offered on the trial of a cause is not available as error on appeal to the supreme court, unless the bill of exceptions shows what the excluded evidence was.

Same.—*Trial.—Examination of Witness.—Judicial Discretion.*—On the trial of a cause, the court has a judicial discretion in directing the conduct of

a witness testifying therein, and such discretion must be very clearly abused before it will be revised by the supreme court.

PAYMENT.— *Voluntary Payment by Surety.*—Where, with a full opportunity of obtaining a knowledge of the fact as to whether he is liable or not, a surety upon the official bond of an officer, who has collected money for a third person, voluntarily pays to such third person a sum of money as and for the amount so collected by such officer, he can not recover the same back.

From the Spencer Circuit Court.

*C. L. Wedding* and *R. G. Evans,* for appellant.
*G. L. Reinhard* and *E. M. Swan,* for appellee.

BIDDLE, J.—Ferguson brought suit against Hirsch, before a justice of the peace, to recover back money paid, as is alleged, upon a mistaken state of facts. The case was appealed to the circuit court, wherein it was tried by a jury, and a verdict rendered for the appellee. The appellant prepared his case and appealed to this court.

A bill of exceptions shows us that the appellant asked certain witnesses certain questions, to which objections were made by the appellee and sustained by the court; but what the appellant expected to prove by the witnesses, or whether anything, does not appear; we can not say, therefore, that he has been injured by the ruling.

The appellant also offered to read to the jury as evidence certain receipts, to which objections were made and sustained; but what the receipts said, or whether any thing affecting the case, is not shown; we can not, therefore, say that he was injured by their rejection.

And the appellant complains that the court interrupted the witnesses by such remarks and questions as, "how do you know?" "Tell what you know." "Don't tell what you *suppose,*" etc. The court has a judicial discretion in directing the conduct of a witness, the exercise of which very much depends on the character of the witness, his conduct, manner, intelligence, willingness, unwillingness, stubbornness, ignorance, youth, inexperience, etc., all of which the circuit court has a much better opportu-

nity of knowing than this court; and such discretion must be very clearly exceeded before we can revise it by reversing a judgment. We see nothing of the kind in the case before us.

The evidence shows that the appellant was the surety on the official bond of a constable, who had collected money belonging to the appellee and left the country without paying it over; the appellant had been told these facts; that the receipt against the constable had been shown to him; that he had been advised by a lawyer that he was liable, and had taken time to consider of the matter; and, afterwards, if not with a full knowledge of the facts, certainly with a full opportunity to ascertain them, he voluntarily paid the money for which he supposed he was liable. We do not and need not decide whether he was liable on the constable's bond or not, for the money thus paid, but we are clearly of the opinion that, having thus paid it, he can not recover it back. Upon this point see *Stedman* v. *Boone*, 49 Ind. 469, and the authorities there cited. We think the evidence decidedly with the verdict.

Exceptions were taken by the appellant to certain instructions given by the court to the jury; and he insists that they are erroneous; but, with the evidence before us, we are of a different opinion; at least, upon the whole record, it seems very clear to us that the judgment is right.

Judgment affirmed, with costs.