## MILLER v. THE STATE.

CRIMINAL LAW.—*Evidence Excluded.*—*Bill of Exceptions.*—*Supreme Court.*—
Unless evidence excluded on the trial of a cause is made a part of the
record by a bill of exceptions, no question in relation thereto can be pre-
sented to the Supreme Court on appeal.

From the Henry Circuit Court.

*D. W. Chambers* and *E. Saint,* for appellant.

*W. F. Walker,* Prosecuting Attorney, and *C. A. Bus-
kirk,* Attorney General, for the State.

PERKINS, C. J.—Appellant was convicted, before a jus-
tice of the peace, on a charge of profanity. He appealed
to the circuit court, where he was again convicted, and
fined one dollar.

He appeals to this court, where he makes the following
assignment of error:

"The court erred in overruling the appellant's motion
for a new trial."

He moved for a new trial, "because the court erred in
refusing to allow the defendant (appellant) to give in evi-
dence a record of conviction of said defendant for riot,
before Justice Personett, of which riotous transaction the
alleged profanity formed a part."

He says, in his brief, that he offered to prove by parol,
that the profanity, of which he was convicted in this suit,
was the same that constituted the noise, etc., occurring in
the riot, of which he was convicted before said justice.
For the admissibility of said record in evidence, he cites
*Goudy* v. *The State,* 4 Blackf. 548; *The State* v. *O'Conner,*
4 Ind. 299; *Willard* v. *The State,* 4 Ind. 407; *Nash* v. *The
State,* 7 Ind. 666. But, unfortunately for the appellant,
there is no bill of exceptions, signed by the judge, show-
ing that said transcript of the judgment of said justice
was offered in evidence and rejected. There is no bill of
exceptions in the record.

The judgment is affirmed, with costs.