Huffman *et al. v.* Cauble.

No. 10,023.

HUFFMAN ET AL. *v.* CAUBLE.

86  591
140  303
86  591
144  205
86  591
154  156

TITLE BOND.—*Executory Contract.—Action for Purchase-Money.—Pleading.—Insolvency.—Lien.*—In a suit by a vendor to enforce a lien for purchase-money against land, where he has given a title-bond for the conveyance thereof, it is not necessary, under section 275, R. S. 1881, to aver the insolvency of the purchaser.

JUDGE.—*Jurisdiction.—Change of Venue.—Practice.*—Where, upon a change of venue for bias of the judge, another judge is appointed to try the cause who does so without objection, it is too late afterwards to make a question as to his jurisdiction.

SAME.—*Trial.—Discretion of Judge.—Right to Question Witnesses.*—A judge presiding during the trial of a cause is more than a mere moderator between contending parties; he is charged with the grave duty of maintaining truth and preventing wrong, and, to this end, has a large discretion, which, if exercised without abuse, will not be error. He may propound proper questions to witnesses, with a view to elicit the facts; and if they be leading questions it is not available error.

SAME.—*Instructions.—Stating Evidence.*—In instructing the jury the judge may state the evidence, if he tell the jury that they are to determine what it proves; but he must not tell them that certain facts in issue are proved, or assume them to be true.

PAYMENT.—*Application.*—A debtor owing his creditor several demands has a right, when he makes a payment, or at any time after and before the creditor has applied the payment, to direct upon which of the several demands it shall be applied.

SAME.—One having received credit for a payment, in a suit against him on a note, can not receive credit again in another suit upon a different demand, by showing that the judgment recovered in the former suit was for too large a sum.

SAME.—*Settlement.*—A settlement, in the absence of fraud or mistake, concludes the parties, not as to all dealings not expressly excluded, but only as to such as they intended to settle.

PROMISSORY NOTE.—*Contract.—Sale.*—A party purchasing property at an agreed price, and giving his note therefor, can not maintain a defence upon the ground merely that he agreed to pay too much.

VENDOR AND VENDEE.—*Deed.—Tender.—Demand.*—Where a deed is tendered by the vendor under an executory contract, and the unpaid purchase-money demanded, and the vendee answers that he has no money, it is not necessary to state the exact amount demanded.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring*, for appellants.
*S. B. Voyles* and *H. Morris*, for appellee.

BICKNELL, C. C.—Peter C. Cauble, in the year 1875, agreed to sell land to Mary A. Huffman, wife of John Huffman, for $2,500. He put Mrs. Huffman in possession, and gave her and her husband a bond conditioned for the conveyance of the land to her, upon payment to him by said Huffmans of $2,500 and interest, on or before October 5th, 1879. Part of the purchase-money was paid. For the remainder, $1,-500, Huffman and wife gave Cauble their joint note, dated October 5th, 1875, and payable four years after date, with interest payable yearly.

In 1880, Cauble brought this suit against Huffman and wife, to enforce his lien for the purchase-money, under section 791 of the civil code of 1852, which is as follows:

"In any action brought for the recovery of the purchase-money against any person holding a contract for the purchase of lands, the party bound to perform the contract, if not plaintiff, may be made a party, and the court, in the final judgment, may order the interest of the purchaser to be sold or transferred to the plaintiff upon such terms as may be just; and may also order a specific performance of the contract in favor of the complainant or the purchaser, in case a sale be ordered."

This statutory lien is not the vendor's lien established by the court of chancery. That lien arises only when the vendor has parted with his title. *McCaslin* v. *State, ex rel.,* 44 Ind. 151. And it differs from the statutory lien in two particulars, to wit: The equitable vendor's lien is waived by taking a mortgage upon other lands, or by taking the note of the vendee with surety. *McCaslin* v. *State, ex rel., supra; Boon* v. *Murphy,* 6 Blackf. 272. And the equitable vendor's lien can not be enforced as to subsequent purchasers from the vendee for a valuable consideration without notice. *Aldridge* v. *Dunn,* 7 Blackf. 249 (41 Am. Dec. 224). But the statutory

lien, under section 791, *supra,* is not waived by taking a mortgage or other collateral security, the presumption being that when the vendor retains the title he means to hold it as security for the purchase-money. *McCaslin* v. *State, ex rel., supra.* And in that case a purchaser from the vendee can not be regarded as a purchaser without notice, because he might have learned of the existence of the lien by examining the title of his vendor. *Amory* v. *Reilly,* 9 Ind. 490.

The complaint in this case states the contract of sale, the execution of the title bond and note; that the note is due and unpaid; that after it was due, and before suit brought, the the plaintiff tendered to said Mary Huffman a deed for the land, and demanded the purchase-money due, which she refused to pay; that said deed was a conveyance in fee simple, duly executed and acknowledged by the plaintiff; that said John Huffman has no property subject to execution, and is insolvent. No personal judgment is demanded.

The fifteenth assignment of error alleges that the complaint does not state facts sufficient to constitute a cause of action; the objection made is, that the complaint nowhere alleges that Mary Huffman has no other property.

Formerly, in a bill to enforce a vendor's lien, such an averment was necessary, in order to show that there was no remedy at law. *Bottorf* v. *Conner,* 1 Blackf. 287; but it is not necessary now; the want of it affects the form of the judgment, nothing more. *Scott* v. *Crawford,* 12 Ind. 410; *Bowen* v. *Fisher,* 14 Ind. 104; *Stevens* v. *Hurt,* 17 Ind. 141. In the present case, such an averment would be mere surplusage; there could be no personal judgment against Mrs. Huffman; she being a married woman, her note was void, but that does not prevent the enforcement of the lien for purchase-money. *Haugh* v. *Blythe's Ex'rs,* 20 Ind. 24; *Perry* v. *Roberts,* 30 Ind. 244. The complaint was sufficient; its allegations, except as to the coverture, are substantially the same as those of the complaint in *McCaslin* v. *State, ex rel., supra.*

The defendants answered separately, by a general denial, and there was an agreement, that under said answers "all defences and matters in rebuttal might be given in evidence, the same as if specially pleaded."

The issues were tried by a jury, who found for the plaintiff, with $1368.73 damages. The court overruled the defendants' motion for a new trial, and rendered judgment for the plaintiff for the sale of the land to satisfy his said claim and costs, and that upon such sale the defendants be foreclosed, etc. The defendants appealed.

There are sixteen errors assigned; the sixteenth is, that Judge Wilson had no jurisdiction to try the cause, because he did not appear at the time assigned for trial, and that when he appeared afterwards, at the next term of the court, the cause had not been reassigned to him. The record shows that Judge Wilson, upon an affidavit for a change of judge, made by the defendants, was duly appointed to try the cause, and that the cause proceeded before him to final judgment without any objection to his jurisdiction. Such an objection, made now for the first time, is too late.

The first thirteen errors assigned present matters which occurred upon the trial, and might be properly alleged as reasons for a new trial, but are not proper in an assignment of errors. *Smith* v. *Harris*, 76 Ind. 104.

The fifteenth alleged error having been already considered, the only remaining specification of error is the fourteenth, to wit: That the court erred in overruling the defendants' motion for a new trial.

The following are the reasons urged for a new trial:

1. The verdict is contrary to and not sustained by the evidence.

2. The verdict is contrary to law.

3. Error in the instructions numbered 4, 5, 6 and 8, given by the court of its own motion.

4. Error in refusing to give instructions Nos. 3, 4, 5 and 6, asked for by defendants.

5. Error of the court in taking the defendant John Huff-
man from the hands of the plaintiff's attorneys, and examin-
ing him before the jury, and putting illegal, improper and
irrelevant questions to said John Huffman, who was a legal
and competent witness, and who had been duly sworn to tes-
tify in said cause in said court, in this: That said court, among
other things, asked of said John Huffman, witness for the de-
fendants, the following question, namely: "What was your
intention as to settling all accounts between you and plaintiff,
when you settled the matters you speak of at your house, in
the bottom, near Sparksville, Ind., on the 7th day of October,
1875?" All of which was objected to at the time, but the
court persisted in putting other leading, illegal and improper
questions to said John Huffman.

The appellants' counsel, in their brief, say, as to the first
and second reasons for a new trial, that the bond was inad-
missible, because the lands therein described are different from
the lands described in the complaint and in the deed tendered,
and, therefore, there was no sufficient tender, so that the evi-
dence failed to establish one of the material allegations of the
complaint. This is all they say upon that subject. The an-
swer to it is that, in fact, the complaint and the bond and the
deed tendered described substantially the same land. There
was, therefore, nothing in this objection which shows that the
verdict was not sustained by the evidence, or is contrary
to law.

So far as the fifth reason for a new trial alleges general mis-
conduct of the judge, without stating particulars, it amounts
to nothing. It specifies one question only claimed to be im-
proper. Evidence having been given of a settlement between
the defendant Huffman and the plaintiff, and Huffman being
under examination as a witness for the defendants, the court
asked him what his intention was in that settlement, as to
settling all accounts between him and the plaintiff? This,
the appellants claim, was wrong.

A circuit judge presiding at a trial is not a mere moderator between contending parties; he is a sworn officer, charged with grave public duties. In order to establish justice and maintain truth and prevent wrong, he has a large discretion in the application of rules of practice, and his action in this respect will not be reversed by this court, unless it exhibits an abuse of discretion resulting in injustice. *Ferguson* v. *Hirsch,* 54 Ind. 337; *Blizzard* v. *Applegate,* 77 Ind. 516. In *Lefever* v. *Johnson,* 79 Ind. 554, this court said: "There is nothing wrong in the court's asking the witness any question the answer to which would likely throw any light upon his testimony." And it has been held that it is always within the discretion of the judge to put a leading question. 1 Greenl. Ev., secs. 242, 243, Redf. ed.

The only objection made to the question now under consideration was the following: " Counsel for defendant objected to the court propounding the question, because there were plenty of lawyers to represent the plaintiff, without the aid of the court, and because it tended to prejudice the defence." The court committed no error in overruling these objections.

As to the third reason for a new trial, the fourth instruction given by the court of its own motion is as follows:

" You have learned from the testimony in this case, that these parties had another transaction, relating to other real estate; that other transaction was in 1870, and consisted in the sale of land by plaintiff to Mary A. Huffman, the execution of a deed to her, and taking from her and John Huffman five several promissory notes, amounting in the aggregate to $5,500, due from year to year respectively, until all became due, and bearing interest at 8 per cent. per annum. You also were informed by the evidence, that, in the year 1875, defendants conveyed to plaintiff certain lands at and for the price of $6,310, which was to be applied in payment of said five notes. In 1875 a computation of the interest and prin-

cipal due upon said five notes was made or caused to be made by plaintiff, and the interest due upon said notes was each credited as paid, and the first and second of said notes delivered up to the defendants, and an additional credit of $700 placed on the third of said notes, in this way giving defendants, as plaintiff insists, full and proper credit for said sum of $6,310. It is also in evidence, that subsequent to this crediting of the $6,310, the plaintiff instituted suit upon said unpaid notes against these defendants and others, and at the present term of court obtained a decree therein for the sale of said lands to pay the amount therein found due. Defendants now insist, that in making and giving said credits, and in making a computation of the amount due upon said five notes, an error or mistake occurred, or some kind of fraud was perpetrated upon defendants, by reason of which they have been damaged, and they ask to have a credit in this suit therefor. Whatever defence, arising out of any error, mistake, or fraud in settlement of the five notes, would have been available for defendants in the suit upon those notes, but not in this case. Whatever might be found due defendants, if anything, by reason of any supposed error, mistake, or fraud in settling those notes, would go to reduce the amount for which the land in that case is to be sold, and would enure to the benefit of the present owners of the land in that case. The court has undoubted power, in a proper case, to correct errors and mistakes, but it must be done in the transaction in which the error or mistake occurred. To give the defendants any credit in this case would not be to correct any error that may have occurred in the other case; for whatever we might do here and in this case, in the way of giving credit, would not be to correct any error or mistake made in the other case, for whatever error or mistake there might be in the other case would still remain uncorrected. So you can not allow defendants any credit herein on account of any supposed error or mistake or fraud in the transactions of the parties, relating to the other case."

In this instruction the court substantially told the jury that where a suit is brought by a payee against the maker of a note, and judgment has been rendered thereon in favor of the plaintiff, such judgment, until reversed, is final, and the defendant can not, in a subsequent action against him by the same plaintiff, upon another note, given for another consideration, prove that the said judgment ought to have been for a less amount, and then have the difference credited by way of set-off in the subsequent action. There was no error in this. A defendant in an action on a note can not be permitted to show that all or any part of a judgment, previously rendered against him in favor of the same plaintiff, in a former suit, on a different cause of action, was wrong, and that all or part of the sum recovered should be a credit for him in the existing suit. *Gavin* v. *Graydon,* 41 Ind. 559 ; *Turner* v. *Allen,* 66 Ind. 252.

The cases of *Brown* v. *College Corner, etc., G. R. Co.,* 56 Ind. 110, and *Lewellen* v. *Garrett,* 58 Ind. 442 (26 Am. R. 74), cited by appellants, were cases of mistakes in settlements where no judgment had been rendered. They are not in point. The appellants further object to this instruction because it assumes the existence of certain facts. This a court has no right to do. It may recapitulate the testimony, but in so doing must not state what is proved, but only what the testimony conduces to prove, and must tell the jury that they are to determine what is proved. *Ball* v. *Cox,* 7 Ind. 453; *Shank* v. *State, ex rel.,* 25 Ind. 207; *Reynolds* v. *Cox,* 11 Ind. 262; *Staats* v. *Burke,* 16 Ind. 448; *Black* v. *Duncan,* 60 Ind. 522. The instruction under consideration was erroneous, because in it the court assumed the existence of facts in controversy, and substantially told the jury that such facts had been proved.

Instruction No. 5 is as follows:

"There is another claim made by defendants: That a certain credit, endorsed upon one of the five notes, for $556.85 was erroneously placed upon said note; that the said $556.85

Huffman *et al. v.* Cauble.

was in fact paid upon the note in suit, and that the defendants directed it to be applied upon the note in suit. Where a party holds more than one debt against another, and he receives in payment money or property, he has the right to apply said payment to his debt which is due, rather than upon a debt not due, unless at the time of receiving such money or property in payment the party making such payment directs upon which debt it shall be applied, and in such a case the party making the payment has the right to control the application of the payment; but this direction must be given at the time the payment is made and received, and not afterwards. If, in this case, the plaintiff from time to time received money or property to the amount of $556.85, and afterwards made a settlement with defendants to ascertain the amount of such payment, and if then, for the first time, defendant directed said credit to be placed upon the note in suit, such direction would in such case come too late, as the plaintiff had already received the payment without such direction. So, if the defendants, Huffman and Huffman, knowingly receive and accept a credit for said sum of $556.85, they can not, in this case, get another credit for the same payment."

There was no error in telling the jury that if the Huffmans had knowingly received and accepted a credit in the other suit for a certain payment, they could not, in this suit, obtain another credit for the same payment; but the instruction under consideration did not correctly state the law in reference to the application of payments. The error consisted in telling the jury that the direction by the debtor as to the application of the payment must be made at the time of the payment, and that, if made afterwards, it would be too late. The law is that when a payment is made the debtor may direct its application, and that direction will bind the creditor; if the debtor, then, gives no direction, the creditor may apply the payment to any of the debts, and then the debtor can not, afterwards, change the application on a final settlement; but

a direction as to the application of the payment will bind the creditor, if it be given at any time before an application of the payment has been actually made by him.    In this respect the court erred in its instruction No. 5.

The sixth instruction given by the court is as follows:

" 6.  Where parties have dealings, and meet for the purpose of settling between themselves such dealings, and do make such settlement, all transactions between them not expressly excluded from such settlement, or omitted by mistake or fraud, are deemed to be embraced and merged in such settlement; and a party seeking to go behind any such settlement must show by a preponderance that something was omitted from said settlement by agreement, or by mutual mistake, or by fraud."

This instruction was erroneous.   The propositions it contains are not true of every settlement of dealings; they are true only when the settlement embraces all the dealings between the parties, and is intended as a settlement of all.

The eighth instruction given by the court is as follows: "A party who buys property and gives his note for the purchase-money can not defend against said note on the ground that he agreed to pay too much for the property.   The law affords him no remedy in such a case."    There was no error in this.

As to the fourth reason for a new trial, the fourth instruction asked for by the defendants was properly refused.   It was not necessary, Mrs. Huffman having said at the time of the tender that she had no money, to state the precise sum demanded.    The unqualified reply, " I have no money," when a proper deed is tendered and the purchase-money demanded, dispenses with a statement of the exact amount.    *Bartlett* v. *Adams,* 43 Ind. 447.

The third and fifth instructions asked for by the defendants were properly refused, because they, if given, would have authorized the jury to enquire into matters which were settled in the former suit.

Huffman *et al. v.* Cauble.

The sixth instruction asked for by defendants was properly refused, because it declared that, although the defendants were credited with a certain payment, and had received the benefit thereof on another note, they were entitled to be credited again with the same payment in this suit. For the errors of the court in its instructions Nos. 4, 5 and 6, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

### ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellee claims that the facts assumed by the court as proved, in its instruction No. 4, were not disputed; but they were material facts not admitted, and the jury were to determine whether they were proved or not. Instead of leaving these facts to the jury, the court told the jury they were proved. In this the court was clearly wrong. *Killian* v. *Eigenmann,* 57 Ind. 480. In *Matthews* v. *Story,* 54 Ind. 417, this court said: " It is very clear that a court has no power to state to a jury what facts are proved, nor to so state what facts are admitted by the parties, unless they are so admitted as facts to go to the jury as proof."

The sixth instruction laid down, as a rule governing all settlements, a rule applicable only to settlements of all the dealings between the parties, if that instruction had been preceded by this, " if you find that the settlement between these parties was a general settlement of all their dealings, then the following rule applies," it would have been unobjectionable; as it stood it was clearly erroneous.

The fifth instruction misstated the law as to the application of payments, by telling the jury that a direction by the debtor as to the application of a payment, in order to be effectual, must be made at the time of the payment; whereas the law is,

that such a direction will bind the creditor, if it be given at any time before an application of the payment has actually been made.   This is not denied by the appellee in his petition for a rehearing, but he says that the question of application of payments was really not in the case, and that therefore the instruction could do no harm.

In this the appellee is in error; the claim of the defendants was, that $565 had been paid by them and had been directed by them to be applied upon the note in suit.  It therefore became the duty of the court to state to the jury the law upon the application of payments, and it was stated incorrectly.

The petition for a rehearing ought to be overruled.

PER·CURIAM.—The petition for a rehearing is overruled.