No. 9613.

## WILCOX ET UX. v. MAJORS.

SUPREME COURT.—*Correction of Record.*—The correction of a record must appear to have been made by order of the court whose record it is, and, if the transcript do not show this, the Supreme Court will regard it as a nullity.

SAME.—*Evidence.— Error.*—The rejection of evidence offered can not be made available error, where the record fails to show what it was, and that it was stated to the court below.

INTEREST.— *Usury.—Recoupment.*—Under the act of 1867, concerning interest, voluntary payments, made while it was in force, of more than 6 per cent. interest on a note bearing only 6 per cent., can not be recouped in a suit brought since the act of 1879, on the same subject (R. S. 1881, sections 5198–5205), took effect.

PRACTICE.—*Pleading.— Waiver.—Burden of Proof.*—Where the parties go to trial without a reply to one of several paragraphs of answer, all of which are affirmative, such reply is waived, and the defendant has the burden of proving that paragraph.

SAME.—*Instructions.—Effect of Evidence.*—It is not error to tell the jury that certain evidence of witnesses, if credible, corroborates a certain other witness, if it really does so in fact, the jury being told by other instructions that they are to determine what the respective witnesses meant by their testimony, as well as the weight of evidence and credibility of the witnesses, and the facts which the whole evidence established.

From the Bartholomew Circuit Court.

*J. S. Scobey, S. Stansifer, W. D. Stansifer, J. A. Pritchard, E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*B. F. Love* and *H. C. Morrison,* for appellee.

BLACK, C.—The appellee sued upon two promissory notes, made by the appellant Daniel Wilcox to the appellee, and to foreclose a mortgage on real estate executed to him by the ap-pellants to secure said notes.

The action was commenced in the Shelby Circuit Court, whence, after issues had been formed, the venue was changed to the Bartholomew Circuit Court, where a trial by jury re-sulted in a verdict for $2,569.34, and the foreclosure of the mortgage; and, a motion for a new trial made by appellants

having been overruled, judgment was rendered in accordance with the verdict.

The action of the court in overruling the motion for a new trial is presented for our consideration. Counsel for the appellee call attention to the fact that the formal statement, in a bill of exceptions containing evidence, that it was all the evidence given, appears in the bill to be incorrect; for, while it is shown therein that certain written matter not otherwise constituting a part of the record was read in evidence, the bill, as signed by the judge, did not contain said matter, or any direction to insert it. The transcript of the record containing the bill in this condition was filed in the clerk's office of this court on the 28th of July, 1881. There has been inserted between certain pages of the bill, on one of which the written matter aforesaid is shown to have been introduced, a sheet on which, under headings, the words of which correspond with the words used in the bill to designate said written evidence, certain words and figures are set out, after which is a certificate as follows:

"THE STATE OF INDIANA, BARTHOLOMEW COUNTY, ss.:

"I, Z. H. Hauser, clerk of the circuit court within and for said county, hereby certify that with the addition of the above and foregoing exhibit 'X,' and the 'memorandum upon exhibit J' to the transcript to which this is attached, said transcript is a true and complete copy of the proceedings and judgment of said court in the above entitled cause, on the day and year first aforesaid, as appears of record in my office.

"Witness the clerk of said court, and the seal thereof hereunto affixed, at the city of Columbus, Indiana, this February 13th, 1883."

To this the name of the clerk is signed and the seal of the court is affixed.

There does not appear to have been any proceeding in the court below to correct the bill. The correction of a record must appear to have been properly made by the court. The matter to which the clerk's certificate is attached can not be

regarded as part of the record of this cause. *Kesler* v. *Myers,* 41 Ind. 543; *Hamilton* v. *Burch,* 28 Ind. 233; *Jeffersonville, etc., R. R. Co.* v. *Bowen,* 49 Ind. 154; *Cluck* v. *State,* 40 Ind. 263; *Greensburgh, etc., Co.* v. *Sidener,* 40 Ind. 424; *Hopkins* v. *Greensburg, etc., Co.,* 46 Ind. 187; *State, ex rel.,* v. *President, etc.,* 44 Ind. 350; *Burdick* v. *Hunt,* 43 Ind. 381; *Harman* v. *State,* 22 Ind. 331; *Seig* v. *Long,* 72 Ind. 18.

The evidence not being all in the record, the assignments in the motion for a new trial, that the verdict was not sustained by sufficient evidence, and that it was contrary to law, can not be considered. Some of the causes in the motion for a new trial were based upon the refusal of the court to permit the defendants to prove by the reporter, who took down the evidence at a former trial of the cause, that the evidence of certain witnesses so taken down was correct, and to permit the reporter to read said evidence to the jury. The evidence which it was thus proposed to read does not appear to have been stated to the court below, and is not shown to this court. The refusal to admit offered evidence can not be made available as error if the record do not show what particular facts it was sought to elicit, and that they were stated to the trial court. *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185; *Lewis* v. *Lewis,* 30 Ind. 257; *Chamness* v. *Chamness,* 53 Ind. 301; *Ferguson* v. *Hirsch,* 54 Ind. 337; *Stanley* v. *Sutherland,* 54 Ind. 339; *Cones* v. *Binford,* 54 Ind. 516; *Mitchell* v. *Chambers,* 55 Ind. 289; *Graeter* v. *Williams,* 55 Ind. 461; *Miller* v. *State,* 56 Ind. 187; *Robinson Machine Works* v. *Chandler,* 56 Ind. 575; *Grover, etc., Co.* v. *Newby,* 58 Ind. 570; *First Nat'l Bank* v. *Colter,* 61 Ind. 153.

The remaining causes stated in the motion for a new trial relate to the refusal to give a certain instruction to the jury asked by appellants, and the giving of certain instructions by the court of its own motion. The charge of the court to the jury contained fifty-two subdivisions, or instructions. Counsel for the appellant, perhaps not without some reason, have criticised the charge because of its great length. We, how-

ever, can not reverse a judgment except for error specifically assigned, and, generally, only upon questions raised in the court below.

The appellants excepted to each instruction given, and have specially referred to a number of them in argument. The vital question involved in the case, the view of which taken by the appellants was set forth in the instruction refused, and the contrary view of which was embodied in certain instructions given, has been decided by this court adversely to the appellants.

The notes sued on, being each for $1,283.33⅓, were executed on the 15th of August, 1866; one due January 1st, 1869, the other due January 1st, 1870. At the same time there was executed by the same maker to the same payee, and secured by the same mortgage, another note, due January 1st, 1868, for the same amount, and the three notes bore interest at six per cent. per annum, from January 1st, 1867. This action was commenced December 19th, 1879.

The important question in the case was whether the maker, having after the maturity of each of said three notes, and while the interest law of 1867 was in force, voluntarily paid interest thereon at the rate of ten per cent. per annum, and having also made payments on the principal, might in this action recoup the amount of the difference between six and ten per cent. so paid as interest. If he might demand credit upon the principal for all sums paid in excess of six per cent. interest, he would not still have been indebted to a greater amount than $855, of which sum he made and pleaded a tender. The court's instructions and the verdict were based upon the theory that the maker was not entitled to recoup the difference between six and ten per cent., so paid as interest. Without setting out the statutes in relation to interest, or discussing them, it is enough to refer to *Sims* v. *Squires*, 80 Ind. 42; *Sager* v. *Schnewind*, 83 Ind. 204.

We adhere to these decisions, and hold that where, upon a note made in 1866, bearing six per cent. interest, the maker voluntarily paid ten per cent. interest while the interest law

of 1867 was in force, he can not, in an action brought since the enactment of the interest law of 1879, recoup the difference between six and ten per cent. so paid as interest.

The answer of the appellants contained no denial, all its. paragraphs presenting affirmative matter. The appellee re-- plied by denial to all the paragraphs of answer but one, the second, without any reply to which the parties went to trial.. Inasmuch as no issue was made upon the second paragraph of answer, it is insisted that it was error to instruct the jury that the burden of sustaining the defence set up therein was. upon the defendants. It is not controverted that where there is no reply, and the parties go to trial without objection, there is a waiver of a reply; but it is contended that, as there was. a reply to the other paragraphs of answer, this rule ought not. to be applied. We see no reason for such a distinction. The rule is as applicable in the one case as in the other. See *Benoit* v. *Schneider*, 47 Ind. 13; *Dodds* v. *Vannoy*, 61 Ind.. 89. The twenty-ninth instruction was as follows:

"So, as the plaintiff and the defendant may stand equally concerned in the result of this suit, you may consider what testimony may have been introduced supporting or corrobor- ating either of them. Such corroboration may be found in the testimony of such witnesses, if any, as may have heard either the defendant or the plaintiff express himself upon that branch of the case. It is evident that if the plaintiff should have told some competent and credible witnesses that there was no such contract or understanding as to the interest, this would go in corroboration of the defendant that there was no such contract or understanding. So, if it appears from the evidence that the defendant told a competent and credible witness or witnesses that he had paid ten per cent. interest on the notes, then this would be considered by you as a cor- roboration of the plaintiff that there was a knowledge on the part of the defendant that he was to and did, in fact, pay ten per cent. interest on the notes."

It is objected that, by the last sentence of this instruction,

the court told the jury that proof of an admission by the defendant that he had paid ten per cent. interest would corroborate the testimony of the plaintiff, that there was a contract for the payment of that rate of interest.    It is contended that such an admission would not have a tendency to prove such a contract, and further, that the court, in effect, told the jury what the evidence proved.

We think that such evidence might properly be considered by the jury as tending to prove such a contract.    We find, in instructions following this one, that the court told the jury that they were to determine the sense in which words of the parties proved were intended to be used by them, that it was for the jury to say how much weight, if any, should be given to the testimony of witnesses, and that the jury were the exclusive judges of the credibility of the witnesses, the weight of the evidence, and the existence or non-existence of the facts relied upon by the plaintiff or depended upon by the defendants.    Upon the whole case as it is presented in the record we are unable to conclude that the jury could have been misled by the instruction to the prejudice of the appellants; and we find no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of  appellants.