# INDIANAPOLIS TRACTION & TERMINAL COMPANY *v.* ROWE.

[No. 6,554. Filed March 11, 1909.]

1. TRIAL.—*Instructions.—Given by Court.—Appeal.*—On appeal, all instructions given by the court must be considered as given upon the court's own motion. p. 408.
2. EVIDENCE.—*Exclusion.—Offer of Proof.*—Error can be shown in the exclusion of evidence only by making a proper offer of proof, thereby showing that the evidence offered is relevant to the issue and beneficial to the offerer. p. 409.
3. APPEAL.—*Weighing Evidence.—Falling· from Street-Car.—Question for Jury.*—The Appellate Court cannot weigh conflicting evidence as to whether plaintiff fell from the stopping of a street-car, or its starting, such question being one of fact for the jury. p. 409.

From Hancock Circuit Court; *David L. Wilson,* Special Judge.

Action by Clara L. Rowe against the Indianapolis Traction & Terminal Company. From a judgment on a verdict for plaintiff for $4,000, defendant appeals. *Affirmed.*

Indianapolis Traction, etc., Co. v. Rowe—43 Ind. App. 407.

*F. Winter*, *W. W. Cook* and *W. H. Latta*, for appellant.
*Jackson & Sample* and *Wymond J. Beckett*, for appellee.

RABB, J.—This action was brought in the court below by the appellee, to recover damages for personal injuries alleged to have been sustained by her through the negligence of appellant. The cause was put at issue, and a jury trial had, resulting in a verdict in favor of the appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

The overruling of the motion for a new trial is the only error assigned and insisted upon here as a ground for reversal.

The reasons assigned in the motion for a new trial, and pressed upon our consideration, are the giving to the jury of what are asserted to be appellee's instructions five and six, the refusal of the court to permit appellant's witness Doctor Sisson to answer a certain question propounded to him upon cross-examination, and the insufficiency of the evidence to sustain the verdict.

The record fails to disclose the giving of any instructions by the court to the jury, asked for by appellee. Among the instructions given by the court upon its own motion were two, numbered five and six. There is a statement in brackets, at the beginning of each one of these instructions, to this effect: "Requested by plaintiff and given by the court." But the record fails to disclose any instructions plainly written, consecutively numbered, signed by the plaintiff, and requested to be given by the court, as required by the statute in such cases. All the instructions given in a cause must be taken to be instructions given by the court upon its own motion. We have, however, examined the instructions complained of, and think they correctly state the law. They evidently have been copied bodily from decided cases, where similar instructions have been approved.

Doctor Sisson was appointed by the court to make a physical examination of the appellee; and, after making such examination, was called upon by appellant to testify as a witness. After testifying to the fact that he had made such examination, and that in so doing he found a displacement of the womb, this question was propounded to him by appellant: "To what extent does the displacement that you found in this case prevail among women generally?" An objection was sustained to this question, and this ruling is complained of. The record fails to disclose what answer the question propounded would have elicited from the witness. Before error can be predicated upon a ruling of the court excluding evidence it must appear that the evidence excluded would have been competent, relevant to the issue, and beneficial to the party complaining. *Wilcox* v. *Majors* (1882), 88 Ind. 203; *Rucker* v. *Steelman* (1884), 97 Ind. 222; *Brownlee* v. *Board, etc.* (1885), 101 Ind. 401.

The appellant insists that the evidence is insufficient to sustain the verdict. Appellee was a passenger upon appellant's street-car, and was injured in alighting from the car. The facts which she avers as a basis of her right to recover are that, being a passenger upon appellant's car, in the city of Indianapolis, she gave the proper notice of her desire to alight from the car at its stopping place at the corner of Pennsylvania street and Massachusetts avenue; that the car was brought to a full stop at the proper place for her to alight; that after it was so brought to a stop she arose from her seat and proceeded to the step of the car, and was in the act of alighting therefrom when the car was suddenly started, and she was thrown to the paved street and injured. It is the appellant's contention that the evidence fails to show that the appellee was in the act of alighting from the car when it suddenly started, but, on the contrary, shows that she arose from her seat and went to the platform of the car, while the car was still in motion, and

that it was the stopping of the car, and not its starting, that had the effect of throwing her to the street.   There is abundant evidence to sustain a verdict establishing appellant's contention, and if it were a question of the preponderance of evidence, we might have no difficulty in agreeing with appellant in reference to the manner in which appellee came to fall from the car.   But whatever mistake was made by the jury, in the discharge of its duty in weighing the evidence and deciding its preponderance, is a matter beyond our power to remedy.   *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242, and cases cited.

One of appellee's witnesses testified as follows:   "Q. Just tell what occurred there?   A. As the car stopped there I wished to get off there myself, and several women got up to get off, and Mrs. Rowe was the third woman to get off. Two women got off in front of her.   One of them, I think, was colored—I am pretty sure—and I stepped aside to let them get out first, and the two women got off, and as Mrs. Rowe was just going to step down the car jerked and she was thrown."   Then in answer to the following question: "Now you may state, Mr. Buser, whether the car had stopped before Mrs. Rowe attempted to get off"—he replied:   "Yes, sir, it had stopped."   The appellee testified that she did not get up from her seat in the car until it stopped; that she then got up and started to get off the car; that two persons got off the car before she attempted to alight; that as she was getting off the car it started and threw her out onto the street. This evidence was sufficient to sustain the verdict.   If it was true, as the jury evidently believed, this court cannot reverse the judgment on the insufficiency of the evidence, even though there may be some inconsistency in the testimony of these witnesses.   Appellant points to the fact that the witness Buser testified that the movement of the car, which it is claimed threw appellee down and injured her, caused him to fall forward against the door, and that the undisputed evidence disclosed that when appellee fell, her body extend-

ed upon the street in such a position as to indicate that she had been thrown by a stopping or backward movement of the car, rather than a forward one. Whatever inconsistency there may have been between the positive statement of the witness, and what these circumstances would seem to indicate, was for the jury, and not for the court. We find no error in the record which would justify a reversal of this case.

Judgment affirmed.