# JOHN MESSER v. HENRY BRUENING.

(156 N. W. 241.)

**Verdict — sufficiency of evidence — challenged — by motion for new trial — directed verdict — motion for — not made — appeal — insufficiency of evidence — cannot be raised — error — specifications.**

1. Where a motion is not made for a directed verdict and the sufficiency of the evidence to support the verdict challenged by a motion for a new trial, the insufficiency of the evidence to support the verdict cannot be raised the first time on appeal and by an alleged specification of error to that effect served with the notice of appeal.

**Verdict — evidence — sufficient to support.**

2. Evidence examined and *held* to be sufficient to justify the verdict.

**Negligence — contributory negligence — primarily for jury — court.**

3. Questions of negligence and of contributory negligence are primarily for the jury, and not for the court, to pass upon.

**Discretion — abuse of — examination of party — by court — right of court.**

4. No error or abuse of discretion is held to have been committed by the trial court in his examination of the defendant when a witness in his own behalf.

**Trial — judge — not mere moderator — has active duties — right to ascertain truth — material points — sound discretion.**

5. A judge presiding on a trial is not a mere moderator, but has active duties to perform without partiality in seeing that the truth is developed; and it is his duty, in the exercise of sound discretion, to elicit the evidence upon relevant and material points involved in the case.

Opinion filed January 7, 1916.

Appeal from the District Court of Foster County, *Coffey*, J.

Action to recover damages for personal injuries. Judgment for plaintiff. Defendant appeals.

Affirmed.

*C. B. Craven,* for appellant.

The right of the trial court to participate in the examination of witnesses is conceded; but it is urged as the settled rule, that such right should be exercised with great caution and impartiality, to the end that the jury may not be mislead or influenced. State v. Hazlett, 14 N. D. 490, 105 N. W. 617; Comp. Laws 1913, § 7620; Territory v. O'Hare,

1 N. D. 30, 44 N. W. 1003; State v. Barry, 11 N. D. 428, 92 N. W. 809; 40 Cyc. 2441, notes 23–26; Flinn v. Ferry, 127 Cal. 648, 60 Pac. 434.

No hint or intimation from the judge in asking questions of a witness, that the testimony or answers show improbability, or are of doubtful character, should be given either by word or action. Barlow Bros. Co. v. Parsons, 73 Conn. 696, 49 Atl. 205; Gordon v. Irvine, 105 Ga. 144, 31 S. E. 151; Columbus v. Anglin; 120 Ga. 785, 48 S. E. 318; Grant v. State, 122 Ga. 740, 50 S. E. 946; Caswell v. State, 5 Ga. App. 483, 63 S. E. 566; Ford v. State, 2 Ga. App. 834, 59 S. E. 88; Pardridge v. Cutler, 104 Ill. App. 89; Leo v. State, 63 Neb. 723, 89 N. W. 303, 12 Am. Crim. Rep. 589; Maynard v. State, 81 Neb. 301, 116 N. W. 53.

"Where prolonged examination of a witness by the court is such as to convey to the jury the impression that, in the opinion of the court, the witness is unworthy of belief, counsel may make objection, so that on appeal his acquiescence may not appear. Bennett v. Harris, 68 Misc. 503, 124 N. Y. Supp. 797; First State Bank v. Hare, — Tex. Civ. App. —, 152 S. W. 501; Dreyfus v. St. Louis & Suburban R. Co. 124 Mo. App. 585, 102 S. W. 53; Berwind White Coal Min. Co. v. Firment, 95 C. C. A. 1, 170 Fed. 151; 40 Cyc. 2442.

Where a person, by the exercise of ordinary care, can avoid injury to himself, or can avoid the consequences of the negligence of another, it is his duty to do so, and, failing so to do and act, he cannot recover. Barber v. East & West R. Co. 111 Ga. 838, 36 S. E. 50; Chicago & N. W. R. Co. v. Weeks, 99 Ill. App. 518, 198 Ill. 551, 64 N. E. 1039; Stewart v. Pennsylvania Co. 130 Ind. 242, 29 N. E. 916, 3 Am. Neg. Cas. 269; Hutchins v. Priestly Exp. Wagon & Sleigh Co. 61 Mich. 262, 28 N. W. 85.

The law imposes on a person the obligation to use ordinary care and prudence for his own protection against loss or injury, and that means such care and caution as is commensurate with the danger to be avoided. Carroll v. Grande Ronde Electric Co. 47 Or. 424, 6 L.R.A.(N.S.) 290, 84 Pac. 389.

*Edward P. Kelly,* for respondent.

The matters brought out by the trial court in his examination of witnesses were material, and were elicited without any suggestion of opinion on the part of the court, either by words or attitude. "A pre-

siding judge on a trial is not a mere moderator, but has active duties to perform, without partiality, in seeing that the truth is developed." 21 Enc. Pl. & Pr. p. 990; Long v. Ate, 95 Ind. 481; Sparks v. State, 59 Ala. 82.

And this is not a mere privilege, but a duty of the court. Lycan v. People, 107 Ill. 423; State v. Lee, 80 N. C. 483; De Ford v. Painter, 3 Okla. 80, 30 L.R.A. 722, 41 Pac. 96; Ferguson v. Hirsch, 54 Ind. 337; Blizzard v. Applegate, 77 Ind. 516; Huffman v. Cauble, 86 Ind. 591; Lefever v. Johnson, 79 Ind. 554.

"The driver of an automobile should use reasonable care in its operation according to place and presence of others." Indiana Springs Co. v. Brown, 165 Ind. 465, 1 L.R.A.(N.S.) 238, 74 N. E. 615, 6 Ann. Cas. 656, 18 Am. Neg. Rep. 392.

BRUCE, J. This is an action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant and appellant while driving an automobile. The case has been before us. on a former appeal and on which a new trial was ordered. See Messer v. Bruening, 25 N. D. 599, 48 L.R.A.(N.S.) 945, 142 N. W. 158. The testimony on the two trials being substantially the same, a reiteration here is not necessary.

But two grounds for a reversal are urged: (1) That the evidence is not sufficient to support the verdict; (2) that the trial court erred in his examination of the defendant who was a witness on the trial in his own behalf. The first ground of alleged error could be totally disregarded by us under our recent holding in the case of Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. ante, 366, 155 N. W. 861, as no motion for a directed verdict was made upon the trial, nor was the sufficiency of the evidence challenged in any way until the case came before us on the appeal.

Even if we considered the point, however, we would hold that there was no merit in it, as, in our opinion, there was evidence of both negligence and contributory negligence that should have been and was properly submitted to the jury. Although we held in our prior decision that there was no proof of a violation of the penal statute, which merely provides that the driver of an automobile must come to a stop when the *driver* of a horse signals him to do so (see Messer v. Bruening, supra),

we also held that it was nevertheless for the jury to decide whether, under the facts of the case, the defendant was not guilty of negligence under the common law for refusing to stop when signaled to do so by some other occupant of a wagon or carriage than the driver, and when the occupants of the carriage or wagon were in a known or apparent condition of danger. There is evidence in the case that, after the horse began to become restless, the plaintiff's wife not only signaled, but called upon, the defendant to stop, and that, instead of doing so, and while the horse was jumping and rearing and backing up, the defendant not merely failed to stop, but turned his machine to the right side of the road and in close proximity to the horse, and at the same time tooted his horn, while the other occupants of his machine laughed loudly at the consternation this had occasioned. If this was so, the defendant was clearly negligent, and whether it was so or not was for the jury to decide.

The question, too, of contributory negligence was for the jury, and not for the court, to pass upon. There was evidence pro and con on the question of the restless character of the horse, and there was evidence pro and con on the question as to whether the plaintiff himself turned his horse in front of the approaching machine, and that the accident was due to his stubbornly refusing to give the defendant his share of the road, or whether the horse became unmanageable before the machine and the carriage met, so that it was impossible to do so. Such being the case the question of contributory negligence was for the jury, and not for the court, to pass upon.

Nor do we discover any ground for a reversal in the action of the trial judge in examining the defendant, Bruening, and in the following colloquy complained of:

Q. Like to ask one question: How wide was the road there at this place?

A. I don't remember, a couple of rods on each side of the main traveled road.

Q. You say you stopped the automobile on the east side of the road?

A. Yes, sir, I did.

Q. How far were you east from the traveled portion of the road?

A. About 2 rods. I should think, about a rod and a half. I don't remember just how far it was.

Q. The traveled portion of the road was to the west of you?

A. Yes.

Q. How far?

A. About a rod and a half or two rods.

Q. Was the road level there?

A. Yes, level, little ruts there.

Q. Graded?

A. No, it was not.

Q. And how close did the horse and buggy pass to your automobile when it went as you say—straight east in front of you?

A. I do not know, maybe 2 or 3 yards, something like that.

Q. In 2 or 3 yards of the automobile?

A. Yes, it came pretty close.

Q. Came down off the traveled portion of the road to where it sheered off of the traveled portion of the road here east?

A. Yes, into the plowing.

Q. Was the road, west of the traveled road, rough or smooth?

A. It seems it was in repair.

Q. Was the horse running or walking?

A. It was trotting a fairly good trot, when it got close to the car it appeared to be.

Q. Frightened?

A. Frightened a little when it got close to the car.

Q. And you claim that it came right over to the automobile?

A. Went right square in front of the automobile.

Q. While you were standing?

A. Yes.

Q. And it was frightened at the car?

A. Yes.

We cannot agree with counsel for appellant that this examination was unfair or calculated to lead the jury to infer that the court doubted the credibility of the witness. There is nothing in the examination itself that would lead us to that belief, and if there was anything hostile in the voice or manner of the judge, we have no evidence thereof in the

record which is before us. There can be no question that the matter examined upon was material to the lawsuit. "A judge presiding on a trial is not a mere moderator, but has active duties to perform without partiality in seeing that the truth is developed." 21 Enc. Pl. & Pr. 990; Long v. State, 95 Ind. 481; Sparks v. State, 59 Ala. 82. It is his duty, in the exercise of his "sound discretion, to elicit the evidence upon relevant and material points involved in the case." De Ford v. Painter, 3 Okla. 80, 30 L.R.A. 722, 41 Pac. 96; Ferguson v. Hirsch, 54 Ind. 337; Huffman v. Cauble, 86 Ind. 591; Lefever v. Johnson, 79 Ind. 554. We can find no abuse of discretion in the case which is before us, or any evidence of an improper use of a prerogative which must necessarily be vested in all trial courts.

Counsel also urges that the verdict is so small that it must have been the result of sympathy on the part of the jury for the plaintiff, rather than upon a belief in the defendant's guilt. The verdict, it is true, was only for $550, while the plaintiff, while incapacitated, could have earned $750, and no allowance seems to have been made for pain and suffering. The plaintiff, however, does not complain, and although a former jury awarded a verdict for $800, it also, if plaintiff's estimate of the value of his time is correct, ignored this element of pain. Verdicts, however, cannot be set aside on this ground on motion of the defendant without some other clear proof of passion or prejudice, and we find none in the record which is before us.

The judgment of the District Court is affirmed.